UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-158-DMG (GJSx)** | Date | January 16, 2018 |
| Title | *Louis Geiger, et al. v. Charter Communications, Inc., et al.* | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On November 17, 2017, Plaintiffs Louis Geiger, Christina Gomez, Amanda Haynes, Priscilla Escarcega, and Gara Booten filed a Class Action Complaint in Los Angeles County Superior Court against Defendants Charter Communications, Inc.; Charter Communications, LLC; Spectrum Management Holding Company, LLC; and TWC Administration LLC ("Complaint"). [Doc. # 1-1.] The Complaint alleges claims under the Private Attorneys General Act (Cal. Lab. Code § 2698 *et seq.*) and state law claims for failure to pay overtime wages, meal break violations, rest break violations, failure to provide accurate itemized wage statements, waiting time penalties, violations of California Business & Professions Code § 17200 *et seq.*, and a preliminary and a permanent injunction. Compl. at 1. On January 8, 2018, all four Defendants removed the action to this Court, asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").[1] [Doc. # 1.]

Pursuant to 28 U.S.C. § 1332(d)(2), a district court shall have original jurisdiction over a class action where the amount in controversy exceeds the sum or value of $5,000,000 and any member of a proposed class is a citizen of a state different from that of any defendant. Furthermore, under 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). With regard to diversity jurisdiction, a district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting

---

[1] Defendants claim that Plaintiffs did not serve Defendant Charter Communications, LLC until December 8, 2017. Carr Decl. at ¶ 2 [Doc. # 1-3].

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). Further, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, Defendants' assertion that the amount in controversy exceeds $5,000,000 is predicated on the assumption that Plaintiffs' post-removal attorneys' fees may be included in that calculation. *See* Removal Notice at ¶¶ 23.e–f (claiming that the inclusion of post-removal attorneys' fees increases the amount in controversy from $4,958,112.17 to $6,197,640.60). Nonetheless, the Court observes that there is a "split as to whether a court should consider only attorneys' fees incurred as of the time of removal or fees reasonably likely to be incurred after the date of removal." *See Bigby v. DS Waters of Am. Inc.*, No. CV 12-01362 MMM CWX, 2013 WL 394876, at *7 (C.D. Cal. Jan. 30, 2013) (collecting cases). Therefore, the parties should address whether the Court may consider post-removal attorneys' fees when determining the amount in controversy.

Accordingly, because it is not clear that the amount in controversy requirement has been satisfied, Defendants are hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendant shall file a response by no later than **January 23, 2018**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** Plaintiffs shall file a reply, if any, by **January 30, 2018. Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**