George P. Moschopoulos (SBN 249905)
THE LAW OFFICE OF
GEORGE MOSCHOPOULOS, APC
34197 Pacific Coast Highway, Suite 100
Dana Point, California 92629
Telephone: (714) 904-1669
Facsimile: (949) 272-0428
georgem@logmapc.com

Rhonda H. Wills (*pro hac vice*)
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047
rwills@rwillslawfirm.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GEIGER, CHRISTINA GOMEZ, AMANDA HAYNES, PRISCILLA ESCARCEGA, and GARA BOOTEN, Individually and on Behalf of all Others Similarly Situated, | Case No. 2:18-CV-00158-DMG-GJS |
| | Hon. Dolly M. Gee |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| | DEMAND FOR JURY TRIAL |
| CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, and TWC ADMINISTRATION LLC, | 1. Failure to Pay Overtime (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.'* <br> 2. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510, 1194) <br> 3. Meal Break Violations (Cal Lab. Code §§ 226.7, 512) <br> 4. Rest Break Violations (Cal. Lab. Code § 226.7) |
| Defendants. | |

5. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226)
6. Waiting Time Penalties (Cal. Lab. Code §§ 201, 202, 203)
7. Violations of California Business & Professions Code § 17200, *et seq.*
8. Failure to Pay All Wages Due Twice Monthly (California Labor Code § 204)
9. Civil Action Under Private Attorney General Act (Cal. Lab. Code § 2698, *et seq.*)
10. Preliminary and Permanent Injunction (Cal. Lab. Code. § 526)

Plaintiffs Louis Geiger, Christina Gomez, Amanda Haynes, Priscilla Escarcega, and Gara Booten, individually and on behalf of all others similarly situated who have worked as dispatchers at Defendants' El Segundo, California office (collectively, "Plaintiffs") file this First Amended Complaint against Charter Communications, Inc., Charter Communications, LLC, Spectrum Management Holding Company, LLC and TWC Administration LLC (collectively, "Defendants" or "Charter") and in support thereof would show as follows:

## JURISDICTION AND VENUE

1.      *Jurisdiction.* This Court has federal question jurisdiction over this action conferred by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." This Court also has supplemental jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because those claims derive from common facts.

2.      *Venue.* Venue is proper in the Central District of California because a substantial portion of the events forming the basis of this suit occurred in the Central District of California.

## PLAINTIFFS

3.      With respect to the Plaintiffs at all times mentioned herein, including Louis Geiger, Christina Gomez, Amanda Haynes, Priscilla Escarcega, and Gara Booten, each Plaintiff:

a.      was a resident of the State of California;

b.      was employed by Defendants as a dispatcher at Defendants' El Segundo, California office within the three years preceding the filing of this lawsuit;

c.      worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, but was not paid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and applicable California Labor Code requirements;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

d.      was not provided compliant meal breaks pursuant to applicable California Labor Code requirements;

e.      was not provided compliant rest breaks pursuant to applicable California Labor Code requirements;

f.      was not provided accurate itemized wage statements pursuant to applicable California Labor Code requirements; and

g.      was not paid all wages earned and owed in a timely manner as required by the California Labor Code.

4.      Plaintiffs bring this action individually on behalf of themselves and as representatives of all similarly situated persons pursuant to the FLSA, California Business & Professions Code §§ 17203 and 17204 and Rule 23 of the Federal Rules of Civil Procedure.

5.      Plaintiffs seek to represent a class of persons who were employed by Defendants (one or more of them) at Defendants' El Segundo, California office within the four years preceding the filing of this lawsuit as a dispatcher or with any similar title who performed similar duties of the named Plaintiffs and were paid as a non-exempt employee and who are owed wages for noncompliant and/or missed meal and rest breaks, unpaid overtime compensation, inaccurate wage statements, and were not paid all wages earned and owed in a timely manner.

**DEFENDANTS**

6.      Charter Communications, Inc. is a foreign corporation that is licensed or registered to conduct business in the State of California. Charter Communications, Inc. provides video, high-speed data, and voice services in the United States and connects its customers to entertainment and information. Charter Communications, Inc. employed all of the Plaintiffs and similarly situated persons within California.

7.      Charter Communications, LLC is a Limited Liability Company. Charter Communications, LLC is a wholly owned subsidiary of Defendant Charter Communications, Inc., which directs its daily business affairs. Charter

- 2 -

Communications, LLC is a joint employer of the Plaintiffs and similarly situated persons as defined herein. Charter Communications, LLC's conduct forms a significant basis for the acts complained of.

8.     Spectrum Management Holding Company, LLC is a Limited Liability Company.   Spectrum Management Holding Company, LLC is a wholly owned subsidiary of Defendant Charter Communications, Inc., which directs its daily business affairs. Spectrum Management Holding Company, LLC is a joint employer of the Plaintiffs and similarly situated persons as defined herein. Spectrum Management Holding Company, LLC's conduct forms a significant basis for the acts complained of.

9.     TWC Administration LLC is a Limited Liability Company.   TWC Administration LLC is a wholly owned subsidiary of Defendant Charter Communications, Inc., which directs its daily business affairs. TWC Administration LLC is a joint employer of the Plaintiffs and similarly situated persons as defined herein. TWC Administration LLC's conduct forms a significant basis for the acts complained of.

10.     Upon information and belief, each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted as the employer and/or joint employer of Plaintiffs and all others similarly situated.

## FACTUAL BACKGROUND

11.     Plaintiffs and all others similarly situated who have worked for Defendants (one or more of them) as dispatchers at Defendants' El Segundo, California office during the four years preceding the filing of this lawsuit, bring this class action to recover wages, damages, penalties, attorneys' fees, litigation expenses, and costs of court under the provisions of the FLSA, California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, Industrial Welfare Commission ("IWC") Order

No. 4-2001, the California Business and Professional Code, and the Private Attorney General Act.

12.    This class action consists of current and former dispatchers who worked at Defendants' El Segundo, California office and who, in the four years preceding the filing of this suit, were not provided compliant meal and rest breaks as statutorily mandated, were forced to work through statutorily mandated meal and rest breaks without pay, were not paid legally mandated overtime and waiting time wages, did not receive accurate itemized wage statements, and were not paid all wages earned and owed in a timely manner ("Class Members").

13.    At all pertinent times, Plaintiffs and the Class Members are and/or have been non-exempt employees within the meaning of the FLSA, California Labor Code, and the implementing regulations of the IWC California Wage Orders.

14.    Charter is one of the nation's largest providers of video, high-speed data, and voice services. Charter connects sixteen (16) million customers to entertainment and information nationwide.

15.    Charter is the employer of all Plaintiffs and Class Members with respect to all relevant times. Charter "employs" all Plaintiffs and Class Members pursuant to the definition of "employ" within the FLSA and IWC Wage Order 4.

16.    During the relevant time period, Charter exercised control over the wages, hours, and working conditions of Plaintiffs and the Class Members; suffered or permitted Plaintiffs and the Class Members to work; and created a common law employment relationship with Plaintiffs and the Class Members.

17.    Plaintiffs and the Class Members worked performing non-exempt duties for Defendants from Defendants' El Segundo, California office location.

18.    Plaintiffs and the Class Members were responsible for routing and dispatching Charter technicians to complete customers' cable installations and resolve technical problems.

19.    Plaintiffs and all other similarly situated dispatchers serve as the liaison between Charter's technicians and Charter's customers who need service and/or repairs.

20.    Plaintiffs and all other similarly situated dispatchers create Charter technicians' schedules on a daily basis by reviewing all customer service requests and matching a technician to each request for the day.

21.    Dispatchers, including Plaintiffs and the Class Members, communicate with technicians via telephone to monitor their daily progress and solve any issues in scheduling that arise throughout the work day.

22.    Technicians frequently call and request Plaintiffs and all other similarly situated dispatchers to assist them in a number of conflicts including, but not limited to, directions to a customer's home or rearranging their schedules to meet customers' needs.

23.    Plaintiffs and all other similarly situated dispatchers remain at their desks for the entirety of their work day to ensure that all customer requests are fulfilled, technicians' calls are answered, and that technicians are on schedule.

24.    Plaintiffs and the Class Members worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week and were not paid overtime compensation pursuant to the FLSA and California Labor Code requirements.

25.    During the four years preceding this case and continuing into the present time, Plaintiffs and all other similarly situated dispatchers worked shifts consisting of at least between 8 and 10 hours (and sometimes more) and were therefore entitled to at least one "off-duty" meal break and two authorized rest periods.

26.    Due to Charter's heavy call volume, Plaintiffs and the Class Members were forced to either: (a) take their meal periods outside of the time limits prescribed by California labor law; (b) miss their statutorily mandated meal periods; or (c) work during statutorily mandated meal periods and/or portions of meal periods. In such

- 5 -

cases, Defendants routinely failed to compensate their employees with the required extra hours of compensation pursuant to California Labor Code requirements.

27.    Due to Charter's heavy call volume, Plaintiffs and the Class Members were forced to either: (a) take their rest periods outside of the time limits prescribed by California labor law; (b) miss their statutorily mandated rest periods; or (c) work during statutorily mandated rest periods and/or portions of rest periods. In such cases, Defendants routinely failed to compensate their employees with the required extra hour of compensation pursuant to California Labor Code requirements.

28.    By way of example only and without limitation, upon information and belief, Louis Geiger was required to either (a) take meal and rest periods outside of the time limits prescribed by California labor law, (b) miss statutorily mandated meal and rest periods, or (c) work during statutorily mandated meal and rest periods and/or portions of meal and rest periods during the following workweeks: the workweeks beginning March 21, 2014; July 4, 2014; July 25, 2014; October 10, 2014; December 26, 2014; February 20, 2015; May 1, 2015; June 26, 2015; and/or November 6, 2015. In such cases, Defendants routinely failed to compensate Mr. Geiger with the required wages and penalties pursuant to California Labor Code requirements.

29.    By way of example only and without limitation, upon information and belief, Christina Gomez was required to either (a) take meal and rest periods outside of the time limits prescribed by California labor law, (b) miss statutorily mandated meal and rest periods, or (c) work during statutorily mandated meal and rest periods and/or portions of meal and rest periods during the following workweeks:  the workweeks beginning December 20, 2013; February 7, 2014; March 7, 2014; June 6, 2014; January 9, 2015; March 6, 2015; July 17, 2015; January 22, 2016; and/or April 22, 2016.  In such cases, Defendants routinely failed to compensate Ms. Gomez with the required wages and penalties pursuant to California Labor Code requirements.

30.    By way of example only and without limitation, upon information and belief, Amanda Haynes was required to either (a) take meal and rest periods outside

of the time limits prescribed by California labor law, (b) miss statutorily mandated meal and rest periods, or (c) work during statutorily mandated meal and rest periods and/or portions of meal and rest periods during the following workweeks:  the workweeks beginning December 27, 2013; January 24, 2014; July 25, 2014; August 22, 2014; March 20, 2015; May 29, 2015; November 20, 2015; April 29, 2016; and/or July 1, 2016.  In such cases, Defendants routinely failed to compensate Ms. Haynes with the required wages and penalties pursuant to California Labor Code requirements.

31.    By way of example only and without limitation, upon information and belief, Priscilla Escarcega was required to either (a) take meal and rest periods outside of the time limits prescribed by California labor law, (b) miss statutorily mandated meal and rest periods, or (c) work during statutorily mandated meal and rest periods and/or portions of meal and rest periods during the following workweeks:  the workweeks beginning November 29, 2013; January 3, 2014; September 26, 2014; November 21, 2014; April 3, 2015; August 21, 2015; December 4, 2015; January 22, 2016; February 19, 2016; and/or March 18, 2016.  In such cases, Defendants routinely failed to compensate Ms. Escarcega with the required wages and penalties pursuant to California Labor Code requirements.

32.    By way of example only and without limitation, upon information and belief, Gara Booten was required to either (a) take meal and rest periods outside of the time limits prescribed by California labor law, (b) miss statutorily mandated meal and rest periods, or (c) work during statutorily mandated meal and rest periods and/or portions of meal and rest periods during the following workweeks:  the workweeks beginning January 24, 2014; April 25, 2014; August 1, 2014; October 10, 2014; November 21, 2014; December 19, 2014; April 10, 2015; May 8, 2015; and/or May 22, 2015.  In such cases, Defendants routinely failed to compensate Ms. Booten with the required wages and penalties pursuant to California Labor Code requirements.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

33.    At all relevant times herein, Defendants required Plaintiffs and Class Members to be at their work stations, ready for incoming calls at the very start of their shifts, with all computer screens up and ready, and Plaintiffs and Class Members regularly complied.

34.    At all relevant times herein, Defendants required Plaintiffs and Class Members to perform off-the-clock work both before their paid time began and after their paid time ended for payroll purposes, in the form of logging into and out of computers, starting up and shutting down various software programs, turning on computers, shutting down computers, and/or restarting computers. Some or all of this unpaid time was overtime, i.e. in excess of 8 hours in a day or in excess of 40 hours in a week.

35.    At all relevant times herein, Defendants required Plaintiffs and Class Members to work without pay before their paid time began for payroll purposes, and to work without pay after their paid time ended for payroll purposes, due to the fact that Defendants' time records fail to account for Plaintiffs' and Class Members' computer log-in/start-up and log-out/shut-down times and other work performed by dispatchers prior to clocking-in to and after clocking-out of Defendants' Kronos system.

36.    Plaintiffs' and Class Members' off-the-clock work included pre-shift and post-shift work as well as work during uncompensated meal periods.

37.    Defendants regularly required Plaintiffs and Class Members to work more than 40 hours per workweek and more than 8 hours per workday without receiving overtime compensation at time and one-half their regular rate of pay for all overtime hours. There was never any workweek in which Plaintiffs received all overtime compensation owed for all overtime hours that they worked.

38.    Defendants regularly required Louis Geiger to work unpaid overtime during the vast majority of workweeks that he worked at Charter.  By way of example only and without limitation, upon information and belief, Mr. Geiger worked overtime

- 8 -

during the following workweeks and was not paid all overtime compensation for overtime hours worked:  the workweeks beginning March 21, 2014; July 25, 2014; March 27, 2015; April 3, 2015; and/or June 26, 2015.

39.    Defendants regularly required Christina Gomez to work unpaid overtime during the vast majority of workweeks that she worked at Charter.  By way of example only and without limitation, upon information and belief, Ms. Gomez worked overtime during the following workweeks and was not paid all overtime compensation for overtime hours worked:  the workweeks beginning June 20, 2014; July 17, 2015; October 30, 2015; December 25, 2015; and/or June 24, 2016.

40.    Defendants regularly required Amanda Haynes to work unpaid overtime during the vast majority of workweeks that she worked at Charter.  By way of example only and without limitation, upon information and belief, Ms. Haynes worked overtime during the following workweeks and was not paid all overtime compensation for overtime hours worked:  the workweeks beginning July 24, 2014; March 37, 2015; June 26, 2015; June 3, 2016; July 22, 2016; December 2, 2016; and/or December 30, 2016.

41.    Defendants regularly required Priscilla Escarcega to work unpaid overtime during the vast majority of workweeks that she worked at Charter.  By way of example only and without limitation, upon information and belief, Ms. Escarcega worked overtime during the following workweeks and was not paid all overtime compensation for overtime hours worked:  the workweeks beginning June 6, 2014; August 22, 2014; October 17, 2014; February 20, 2015; February 26, 2016; and/or March 4, 2016.

42.    Defendants regularly required Gara Booten to work unpaid overtime during the vast majority of workweeks that she worked at Charter.  By way of example only and without limitation, upon information and belief, Ms. Booten worked overtime during the following workweeks and was not paid all overtime compensation for overtime hours worked:  the workweeks beginning January 31, 2014; August 1,

- 9 -

2014; April 3, 2015; June 19, 2015; February 26, 2016; July 29, 2016; December 2, 2016; and/or December 30, 2016 .

43.    Plaintiffs and Class Members were not paid all wages owed during the course of their employment and were not paid all wages owed timely upon termination of employment.

44.    Defendants have made no effort to develop a system to relieve Plaintiffs and the Class Members during their statutorily mandated meal and rest breaks as a practice and policy.

45.    Defendants have failed to pay all earned wages owed to Plaintiffs and Class Members for the noncompliant and/or missed meal and rest periods under Labor Code § 226.7(b) and Wage Order 4. Plaintiffs and the Class Members were and are entitled to an hour of pay at their regular rate for each day with a meal period violation and an additional hour of pay for each day with a rest period violation. Plaintiffs and Class Members have not received that payment.

46.    Defendants have failed to pay all wages due and payable to Plaintiffs and Class Members twice in each calendar month, in violation of Labor Code § 204.

47.    Defendants also willfully refused to pay Plaintiffs these amounts at the time of their termination, in violation of Labor Code §§ 201-203.

48.    Plaintiffs and Class Members who are no longer employed by Defendants are entitled to penalties pursuant to Labor Code § 203, in the amount of each person's daily wage multiplied by the number of days since the termination, up to thirty days.

49.    The wage statements provided to Plaintiffs and the Class Members were not accurate itemized wage statements as required by California law.  For example, the wage statements did not reflect the total hours worked by Plaintiffs and the Class Members during the pay period.

50.    Defendants willfully, knowingly, intentionally, deliberately, and in bad faith violated the provisions of the FLSA and the California Labor Code (as well as all applicable Wage Orders and the California Business and Professions Code).

## JOINT EMPLOYER ALLEGATIONS

51.    At all relevant times, Defendants have been "joint employers" of Plaintiffs and those similarly situated.

52.    At all relevant times, Defendant Charter Communications, Inc. has been and continues to be an "employer."

53.    At all relevant times, Defendant Charter Communications, LLC has been and continues to be an "employer."

54.    At all relevant times, Defendant Spectrum Management Holding Company, LLC has been and continues to be an "employer."

55.    At all relevant times, Defendant TWC Administration LLC has been and continues to be an "employer."

### A.    *Charter Communications, Inc.*

56.    Upon information and belief, the facts which evidence that Charter Communications, Inc. was a joint employer of Plaintiffs and those similarly situated are as follows:

    a.    During the relevant time periods, Charter Communications, Inc. exercised control over the wages and hours and working conditions of Plaintiffs and those similarly situated, including the hours worked "off-the-clock" as alleged herein for which Plaintiffs and those similarly situated were not compensated;

    b.    During the relevant time periods, Charter Communications, Inc. suffered or permitted Plaintiffs and those similarly situated to work, including during meal and rest breaks and before and after their scheduled shifts;

    c.    During the relevant time periods, Charter Communications, Inc. engaged Plaintiffs and those similarly situated to work;

    d.    Charter Communications, Inc. maintains employment records relating to Plaintiffs and those similarly situated;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

e. Plaintiffs and those similarly situated worked at Charter Communications, Inc.'s premises, and used equipment and tools owned by Charter Communications, Inc. to effectuate their daily employment duties;

f. The job duties and work performance of Plaintiffs and those similarly situated are/were integral to the overall function and operation of Charter Communications, Inc.'s business and continued operation;

g. Charter Communications, Inc. retained the right of control and exercised that right of control over the manner and method by which Plaintiffs and those similarly situated accomplished the results of their work; and

h. Charter Communications, Inc. has the power to hire and fire Plaintiffs and those similarly situated.

**B.    *Charter Communications, LLC***

57.    Upon information and belief, the facts which evidence that Charter Communications, LLC. was a joint employer of Plaintiffs and those similarly situated are as follows:

a. During the relevant time periods, Charter Communications, LLC exercised control over the wages and hours and working conditions of Plaintiffs and those similarly situated, including the hours worked "off-the-clock" as alleged herein for which Plaintiffs and those similarly situated were not compensated;

b. During the relevant time periods, Charter Communications, LLC suffered or permitted Plaintiffs and those similarly situated to work, including during meal and rest breaks and before and after their scheduled shifts;

c. During the relevant time periods, Charter Communications, LLC engaged Plaintiffs and those similarly situated to work;

- 12 -

d. Charter Communications, LLC maintains employment records relating to Plaintiffs and those similarly situated;

e. Plaintiffs and those similarly situated worked at Charter Communications, LLC's premises, and used equipment and tools owned by Charter Communications, LLC to effectuate their daily employment duties;

f. The job duties and work performance of Plaintiffs and those similarly situated are/were integral to the overall function and operation of Charter Communications, LLC's business and continued operation;

g. Charter Communications, LLC retained the right of control and exercised that right of control over the manner and method by which Plaintiffs and those similarly situated accomplished the results of their work; and

h. Charter Communications, LLC has the power to hire and fire Plaintiffs and those similarly situated.

## C.    *Spectrum Management Holding Company, LLC*

58.    Upon information and belief, the facts which evidence that Spectrum Management Holding Company, LLC. was a joint employer of Plaintiffs and those similarly situated are as follows:

a. During the relevant time periods, Spectrum Management Holding Company, LLC exercised control over the wages and hours and working conditions of Plaintiffs and those similarly situated, including the hours worked "off-the-clock" as alleged herein for which Plaintiffs and those similarly situated were not compensated;

b. During the relevant time periods, Spectrum Management Holding Company, LLC suffered or permitted Plaintiffs and those similarly situated to work, including during meal and rest breaks and before and after their scheduled shifts;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

c.  During the relevant time periods, Spectrum Management Holding Company, LLC engaged Plaintiffs and those similarly situated to work;

d.  Spectrum Management Holding Company, LLC maintains employment records relating to Plaintiffs and those similarly situated;

e.  Plaintiffs and those similarly situated worked at Spectrum Management Holding Company, LLC's premises, and used equipment and tools owned by Spectrum Management Holding Company, LLC to effectuate their daily employment duties;

f.  The job duties and work performance of Plaintiffs and those similarly situated are/were integral to the overall function and operation of Spectrum Management Holding Company, LLC's business and continued operation;

g.  Spectrum Management Holding Company, LLC retained the right of control and exercised that right of control over the manner and method by which Plaintiffs and those similarly situated accomplished the results of their work; and

h.  Spectrum Management Holding Company, LLC has the power to hire and fire Plaintiffs and those similarly situated.

**D.    *TWC Administration LLC***

59.    Upon information and belief, the facts which evidence that TWC Administration, LLC. was a joint employer of Plaintiffs and those similarly situated are as follows:

a.  During the relevant time periods, TWC Administration, LLC exercised control over the wages and hours and working conditions of Plaintiffs and those similarly situated, including the hours worked "off-the-clock" as alleged herein for which Plaintiffs and those similarly situated were not compensated;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

b.  During the relevant time periods, TWC Administration, LLC suffered or permitted Plaintiffs and those similarly situated to work, including during meal and rest breaks and before and after their scheduled shifts;

c.  During the relevant time periods, TWC Administration, LLC engaged Plaintiffs and those similarly situated to work;

d.  TWC Administration, LLC maintains employment records relating to Plaintiffs and those similarly situated;

e.  Plaintiffs and those similarly situated worked at TWC Administration, LLC's premises, and used equipment and tools owned by TWC Administration, LLC to effectuate their daily employment duties;

f.  The job duties and work performance of Plaintiffs and those similarly situated are/were integral to the overall function and operation of TWC Administration, LLC's business and continued operation;

g.  TWC Administration, LLC retained the right of control and exercised that right of control over the manner and method by which Plaintiffs and those similarly situated accomplished the results of their work; and

h.  TWC Administration, LLC has the power to hire and fire Plaintiffs and those similarly situated.

## RULE 23 CLASS ACTION ALLEGATIONS

**A.    Definition of Class**

60.    The Class Consists of:

All persons who were employed by Defendants (one or more of them) at Defendants' El Segundo, California office within the four years preceding the filing of this lawsuit as a dispatcher or with any similar title who performed dispatcher duties and were paid as a non-exempt employee and who are owed wages and/or penalties for noncompliant and/or missed meal and rest breaks, unpaid overtime compensation, and inaccurate wage statements ("Class Members").

61.     The aforementioned Plaintiffs and Class Members, and any other subclasses to be later defined, are collectively referred to herein as Class Members.

62.     Plaintiffs bring this action individually on behalf of themselves, and in a representative capacity as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**B.      Class Action Requisites**

63.     ***Numerosity.*** The potential members of the Class are sufficiently numerous that joinder of all members would be unfeasible and impracticable. The disposition of the claims through this class action will benefit both the parties and the Court. The exact number of members is unknown to Plaintiffs at this time. The number and identity of the proposed Class Members are readily ascertainable through inspection of Defendants' records.

64.     ***Commonality.*** Common questions of law and fact exist as to Class Members that include, without limitation, the following:

a.      Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide dispatchers with compliant meal periods;

b.      Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide dispatchers with compliant rest periods;

c.      Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide dispatchers with overtime compensation for all hours worked over 8 hours in one day or over 40 hours in one week;

d.      Whether Defendants have willfully failed to pay at the time of termination of employment all earned wages owed;

e.      Whether Defendants failed to pay its dispatchers all due and payable wages twice in each calendar month;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

f.      Whether the systematic acts and practices of Defendants as alleged herein violated applicable provisions of the Labor Code, as well as the applicable Wage Orders;

g.      Whether Charter engaged in unfair business practices in violation of the California Business & Professions Code, including Business and Professions Code sections 17200, *et seq.*

65.     ***Predominance.*** These aforementioned predominant common questions of law and fact are sufficiently numerous and substantial and may be jointly tried such that the class action method is advantageous to the judicial process and the Plaintiffs. Questions of fact and law common to Plaintiffs and Class Members predominate over any questions affecting only individual members. Defendants' failure to pay its dispatchers overtime wages, penalties under California law, and all other amounts due to dispatchers results from generally applicable policies or practices, and does not depend on personal circumstances of the Class Members.

66.     ***Typicality.*** Plaintiffs and all others similarly situated shared common job duties and responsibilities as dispatchers. Thus, Plaintiffs' experiences and claims are typical of the experiences and claims of Defendants' other dispatchers who worked at Defendants' El Segundo, California office.

67.     ***Adequacy of Representation.*** Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained and are represented by counsel competent and experienced in complex multi-party litigation, including wage and hour collective/class actions.

68.     ***Superiority.*** The questions of law and fact common to Plaintiffs and members of the Class predominate over questions affecting the individual Class Members such that the nature of this action and the nature of laws available to Plaintiffs make use of the class action format the superior and appropriate procedure to afford relief for the wrongs alleged herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

69.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

70.    Plaintiffs bring the claims herein for violations of the FLSA as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) individually and on behalf of all similarly situated non-exempt employees.

71.    The FLSA Collective Action consists of:

All persons who were employed by Defendants (one or more of them) at Defendants' El Segundo, California office within the three years preceding the filing of this lawsuit as a dispatcher or with any similar title who performed dispatcher duties and were paid as a non-exempt employee and who are owed wages and/or penalties for noncompliant and/or missed meal and rest breaks, unpaid overtime compensation, and inaccurate wage statements.

72.    Other employees have been victimized by a pattern, practice, and policy of the Defendants that is in violation of the FLSA. Plaintiffs are aware of the illegal practices and policies Defendants have imposed on other employees.

73.    Plaintiffs and the members of the FLSA Collective Action are similarly situated in that they have substantially similar job requirements and duties and pay provisions and were/are subject to Defendant's common practice, policy or plan of unlawfully refusing to pay them overtime wages in violation of the FLSA.

74.    The claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action because Plaintiffs and the members of the FLSA Collective Action are "similarly situated."

75.    Plaintiffs Louis Geiger, Christina Gomez, Amanda Haynes, Priscilla Escarcega, and Gara Booten will fairly represent and protect the interests of those who are similarly situated.

76.    Plaintiffs and members of the FLSA Collective Action request that Defendants provide the names, address, and telephone numbers of the FLSA

- 18 -

Collective Action members so that notice may be provided to these members as promptly as possible to provide them with an opportunity to join this action.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

### (By Plaintiffs and FLSA Collective Action Members Against All Defendants)

77.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

78.    Plaintiffs Louis Geiger, Christina Gomez, Amanda Haynes, Priscilla Escarcega, and Gara Booten, individually and on behalf of all others similarly situated bring FLSA claims for off-the-clock violations as described herein against Defendants.

79.    Defendants jointly employed the Plaintiffs during the three years preceding the date on which each Plaintiff filed his/her notice of consent to join this action.

80.    Each Plaintiff has signed a consent pursuant to 29 U.S.C. §§ 216(b) and 256, and these consents have been filed in this action and are incorporated herein.

81.    At all relevant times, Defendants have been engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

82.    At all relevant times, Defendants have each been subject to complying with the provisions of the FLSA and each is a covered employer under the FLSA.

83.    The FLSA requires that each covered employer compensate its non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours each workweek.

84.    The Plaintiffs are current and former non-exempt employees of Defendants who were entitled to overtime compensation for all overtime hours worked in excess of 40 hours in a workweek.

- 19 -

85.    At all relevant times, pursuant to company policies, procedures and practices, Defendants failed and refused to pay overtime compensation to the Plaintiffs in violation of the FLSA.

86.    Plaintiffs were injured and suffered damages because Defendants failed to pay them all overtime compensation owed for all hours worked over 40 hours in a workweek during the relevant time period.

87.    In further violation of the FLSA, Defendants have failed to maintain accurate employee records, including the number of hours worked per workweek by each of the Plaintiffs during the relevant time period.

88.    Such conduct and violations as described herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

89.    The Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, pre-judgment and post-judgment interest, and all other compensatory, equitable and other legal relief to which they may be entitled.

90.    The Plaintiffs also seek recovery of their attorneys' fees, litigation expenses (including but not limited to expert witness fees), and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO LABOR CODE §§ 510, 1194
### (By Plaintiffs and Class Members Against All Defendants)

91.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

92.    California Labor Code §§ 510, 1198 and 9 California Code of Regulation § 11070, as amended, provide that employees in California shall not be employed more than eight (8) hours in any workday, and more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages at

a rate of time and one-half (1 ½), with double time after eight (8) hours of the seventh day of any work week or after twelve (12) hours in any work day.

93.    Plaintiffs and Class Members were regularly and consistently required to work more than eight (8) hours in any workday, and more than forty (40) hours in any workweek and were not compensated for such work at premium rates.

94.    At all relevant times herein, Defendants required Plaintiffs and Class Members to be at their work stations, ready for incoming calls at the very start of their shifts, with all computer screens up and ready, and Plaintiffs and Class Members regularly complied.

95.    At all relevant times herein, Defendants required Plaintiffs and Class Members to perform off-the-clock work both before and after their paid time began and ended for payroll purposes, in the form of logging into and out of computers, starting up and shutting down various software programs, turning on computers, shutting down computers, and/or restarting computers. Some or all of this unpaid time was overtime, i.e. in excess of 8 hours in a day or in excess of 40 hours in a week.

96.    At all relevant times herein, Defendants required Plaintiffs and Class Members to work without pay before their paid time began for payroll purposes, and to work without pay after their paid time ended for payroll purposes, due to the fact that Defendants' time records fail to account for Plaintiffs' and Class Members' computer log-in/start-up and log-out/shut-down times and other work performed by dispatchers prior to clocking-in to and after clocking-out of Defendants' Kronos system.

97.    Defendants knowingly and willfully violated the provisions of Labor Code §§ 510 and 1194 by refusing to perform their obligations to compensate Plaintiffs and the Class Members for all wages earned and all hours worked.

98.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members have been deprived of overtime in amounts to be determined at trial, and are

- 21 -

entitled to recover such amounts, plus interest and penalties, attorneys' fees and costs pursuant to Labor Code §§ 510 and 1194.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE REQUIRED MEAL BREAKS
## PURSUANT TO LABOR CODE §§ 226.7, 512

### (By Plaintiffs and Class Members Against All Defendants)

99.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

100.   IWC Wage Order 4 regulates dispatchers such as Plaintiffs and the Class Members.

101.   Section 11(A) of the applicable Wage Order and Section 512 of the Labor Code require an employer to pay an additional hour of compensation for each compliant meal period the employer fails to provide. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period. Plaintiffs and the Class Members consistently worked over five (5) hour shifts. Defendants consistently failed to provide Plaintiffs and the Class Members with compliant meal breaks as required by the Code.

102.   The applicable IWC Wage Order provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

103.   At all relevant times herein, Plaintiff and the Class Members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

104.   Section 1(B) of the applicable Wage Order states that if an employer fails to provide an employee with a compliant meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a compliant meal period is not provided.

105.   At all times relevant herein, in violation of Labor Code § 226.7(a), Charter knowingly and intentionally required and permitted employees to work during meal periods or take meal periods outside of the times mandated by Labor Code § 512 and California Code of Regulations § 11040.

106.    As a proximate result of Defendants' violation, Plaintiffs and the Class Members were injured. Pursuant to Labor Code § 226.7(b) and related administrative orders and regulations, Plaintiffs and the Class Members are entitled to damages in an amount equal to one (1) hour of wages for each noncompliant or missed meal break, in a sum to be proven at trial.

## FOURTH CAUSE OF ACTION
## FAILURE TO ALLOW REST BREAKS PURSUANT TO LABOR CODE §§ 226.7, 512

### (By Plaintiffs and Class Members Against All Defendants)

107.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

108.   California Labor Code § 226.7(a) prohibits an employer from requiring employees to work during any rest period mandated by an applicable order of the IWC.

109.   The IWC has issued various Wage Orders including Wage Order 4, which regulates Professional, Technical, Clerical, Mechanical and Similar Operations, including dispatchers such as Plaintiffs and Class Members.

- 23 -

110.   Section 12(A) of the applicable Wage Order states that "the authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof."

111.   Section 12(B) of the applicable Wage Order requires an employer to pay an employee one hour of regular pay for each work day that the rest period is not provided.

112.   At all times relevant herein, Defendants required Plaintiffs and the Class Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

113.   At all times relevant herein, in violation of Labor Code § 226.7(a), Defendants knowingly and intentionally required employees to work during required rest periods.

114.   As a proximate result of Defendants' violation, the Plaintiffs and the Class Members were injured. Pursuant to Labor Code § 226.7(b) and related administrative orders and regulations, Plaintiffs and the Class Members are entitled to damages in an amount equal to one (1) hour of wages per non-compliant or missed rest break.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
## UNDER LABOR CODE § 226

### (By Plaintiffs and Class Members Against All Defendants)

115.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

116.   Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked and all applicable hourly rates in effect during the pay period, to Plaintiffs and all other

similarly situated dispatchers in accordance with Labor Code § 226(a) and IWC Wage Orders.

117. Such failure to provide properly itemized wage statements including all hours worked caused Plaintiffs and the Class Members' confusion over whether they were properly compensated and resulted in their inability to determine whether they received all wages for all hours actually worked.

118. Plaintiffs and the Class Members seek penalties under Labor Code § 226 (e) including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period and an award of costs and attorney's fees.

## SIXTH CAUSE OF ACTION
## WAITING TIME PENALTIES UNDER LABOR CODE § 203

### (By Plaintiffs and Class Members Against All Defendants)

119. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

120. Plaintiffs and numerous Class Members are no longer employed by Defendants, in that they quit or were discharged from employment.

121. Defendants willfully refused, and continue to refuse, to pay these Plaintiffs and Class Members all wages earned and owed in a timely manner as required by Labor Code § 203.

122. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages were due but failed to pay them, thus entitling Plaintiffs and Class Members to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period up to thirty (30) days from the time they were due.

123.   Defendants have failed to pay Plaintiffs and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.

124.   Pursuant to the provisions of Labor Code § 203, Plaintiffs and the Class Members are entitled to a penalty in the amount of Plaintiffs' and the Class Members' daily wage multiplied by thirty (30) days.

**SEVENTH CAUSE OF ACTION**
**UNFAIR AND UNLAWFUL BUSINESS PRACTICES**
**PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE §**
**17200 *ET SEQ.***

**(By Plaintiffs and Class Members Against All Defendants)**

125.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

126.   The unlawful conduct and practices as alleged herein violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* The UCL prohibits unfair competition by prohibiting any unlawful or unfair business acts or practices.

127.   Defendants have committed and continue to commit acts of unfair competition as defined by the UCL by, among other things, engaging in the acts and practices described herein. Defendants' conduct has damaged the Plaintiffs and the Class Members by wrongfully denying them earned wages, and Defendants' conduct has been substantially injurious to the Plaintiffs and the Class Members. Defendants engaged in unfair competition in violation of the UCL.

128.   Defendants have violated statutes and public policies. Defendants' policy of not providing meal and rest breaks and not paying all wages violates fundamental wage and hour laws. Through the conduct alleged herein, Defendants, each of them, have acted contrary to these public policies, have violated specific provisions of the

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
*[Geiger, et al. v. Charter Communications, Inc., et al.]*

Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200, *et seq.*

129.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.

130.   The harm to Plaintiffs and the Class Members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

131.   By engaging in the conduct alleged herein, Defendants either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such, it is a violation of the UCL.

132.   As a proximate result of the above-mentioned acts of Defendants, Plaintiffs and the Class Members have been damaged in a sum as may be proven at trial.

133.   Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct all alleged above. Pursuant to the UCL, this Court should make such orders and judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendants, their agent or employees, of any unlawful or deceptive practices as prohibited by the UCL.

134.   Plaintiffs and the Class Members further request that the Court enforce the penalty provision of Labor Code § 203, pursuant to Business and Professions Code § 17200, which provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**
**(California Labor Code §§ 2698-2699 *et sq*.)**

**(By Plaintiffs and Class Members Against All Defendants)**

135.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

136.   Plaintiffs Amanda Haynes and Gara Booten bring claims pursuant to Labor Code § 2698, *et seq.* on behalf of themselves and other current and former dispatchers employed by Defendants (one or more of them) at Defendants' El Segundo, California office.

137.   Labor Code § 2698, *et seq.* ("PAGA") permits Plaintiffs to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code § 2699.5.

138.   Pursuant to PAGA §§ 2698-2699, "aggrieved employees" may bring a civil action on behalf of themselves and other current and former employees to recover penalties for violations of the labor code. Plaintiffs and the Class Members are "aggrieved employees" within the meaning of Section 2699(a) of PAGA, and may bring this action on behalf of themselves and other similarly situated current and former dispatchers employed by Defendants (one or more of them) at Defendants' El Segundo, California office.

139.   As required by Labor Code § 2699.3(a)(1), Plaintiffs provided written notice by electronic filing to the Labor & Workforce Development Agency ("LWDA") and to Defendants by certified mail of the legal claims and theories of this case on August 8, 2017.

140.   More than sixty (60) days after Plaintiffs provided written notice to the LWDA and to Defendants, the LWDA has not indicated it will investigate or pursue action against Defendants; therefore, Plaintiffs have satisfied the administrative

prerequisites under California Labor Code section 2699.3(a) to bring a civil action containing PAGA claims.

141.    Plaintiffs seek to recover the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs, on behalf of themselves and all others similarly situated who are current and former aggrieved employees of Charter and who worked for Charter from Defendants' El Segundo, California office.

142.    Defendants' conduct, as alleged herein, violates numerous sections of the Labor Code including, but not limited to, the following:

      a.    Failure to pay dispatchers overtime wages in violation of Labor Code §§ 510 and 1194;

      b.    Failure to provide meal breaks in violation of Labor Code §§ 226.7 and 612;

      c.    Failure to provide rest breaks in violation of Labor Code § 226.7(a);

      d.    Failure to provide waiting time wages upon termination and resignation in violation of Labor Code §§ 201 – 203;

      e.    Failure to provide accurate itemized wage statements in violation of Labor Code § 226; and

      f.    Failure to pay dispatchers all wages owed twice in each calendar month in violation of Labor Code § 204.

143.    Labor Code § 204 requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Defendants failed to pay Plaintiffs and other aggrieved employees all wages due to them including, but not limited to, overtime wages, meal break wages, and rest period wages within any time period specified by California Labor Code § 204.

144.    Labor Code § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter

or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) for an initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

145.   Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer who violated Plaintiffs' and other aggrieved employees' rights by violating various sections of the Labor Code as set forth herein. Accordingly, Plaintiffs seek the remedies set forth in Labor Code § 558 for themselves, the State of California, and all other aggrieved employees.

146.   Pursuant to PAGA, and California Labor Code §§ 2699(a), 2699.3, 2699.5, and 558, Plaintiffs, acting in the public interest as private attorney generals, seek assessment and collection of all unpaid wages and civil penalties for Plaintiffs, all other aggrieved employees, and the State of California, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226, 510, 512, and 1194.

**NINTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE TWICE MONTHLY**
**California Code of Civil Procedure § 204**

**(By Plaintiffs and Class Members Against All Defendants)**

147.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

148.   California Labor Code § 204 requires that all wages are due and payable twice in each calendar month.

149.   The wages required by California Labor Code §§ 226.7 and 1194 and other statutes became due and payable to Plaintiffs and the Class Members when they were not provided with a compliant meal period or rest period or overtime wages to which they were entitled.

150.   Defendants violated California Labor Code § 204 by systematically refusing to pay wages due.

151.   Defendants concealed this information from Plaintiffs, despite having a statutory duty to provide this information, entitling them to toll the statute of limitations on this claim.

152.   As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members who endured similar violations have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to California Labor Code §§ 204, 210, 215, 218.5 and 1194.

**TENTH CAUSE OF ACTION**
**PRELIMINARY AND PERMANENT INJUNCTION**
**California Code of Civil Procedure § 526**

**(By Plaintiffs and Class Members Against All Defendants)**

153.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

154.   Defendants have violated various provisions of the California Labor Code, Business and Professions Code, and Wage Orders as alleged herein, and if Defendants are not enjoined from this conduct, they will continue to engage in these unlawful practices.

155.   Monetary compensation alone will not afford adequate and complete relief to Plaintiffs and the Class Members because it is impossible to determine the

amount of future damages that will result from Defendants' actions if such conduct is not enjoined now.

156.    Plaintiffs request that the Court issue a preliminary and permanent injunction requiring Defendants to: (a) advise all Class Members of their rights pursuant to the California Labor Code and IWC Wage Orders; (b) provide Plaintiffs and the Class Members with all applicable benefits afforded by California's Labor Code and the appropriate Wage Orders including but not limited to the provision of meal and rest periods; and (c) pay Plaintiffs and members of the Class all wages earned upon termination of their employment, including unpaid premium wages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgment and relief as follows:

1.    An order certifying that the action may be maintained as a class action;

2.    An order certifying that the action may be maintained as an FLSA collective action;

3.    That Plaintiffs be appointed as the representatives for all Class Members;

4.    That Plaintiffs be appointed as the representatives for all FLSA Collective Action Members;

5.    That counsel for Plaintiffs be appointed as Class Counsel;

6.    For compensatory damages in the amount of Plaintiffs' and each Class Members' unpaid wages, penalties and overtime from at least four (4) years prior to the filing of this action to the present as may be proven;

7.    Liquidated damages;

8.    An award of pre-judgment and post-judgment interest;

9.    An order enjoining Defendants and its agents, servants and employees, from failing to provide Plaintiffs and Class Members with compliant meal and rest breaks and failing to pay all wages owed;

10.    All applicable penalties for the violations set forth herein;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
[*Geiger, et al. v. Charter Communications, Inc., et al.*]

11.     For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;

12.     An award providing for payment of costs of suit;

13.     An award of attorneys' fees, including fees pursuant to California Labor Code § 1094 and Business & Professions Code § 17200 and the FLSA; and

14.     Such other further relief at law or in equity, as this Court may deem proper and just.

DATED: April 2, 2018.              **WILLS LAW FIRM, PLLC**

                                   By:    /s/ Rhonda H. Wills
                                          Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all causes of action so triable.

DATED: April 2, 2018.              **WILLS LAW FIRM, PLLC**

                                   By:    /s/ Rhonda H. Wills
                                          Attorney for Plaintiffs

- 33 -