# EXHIBIT 1

Rhonda H. Wills (SBN 323435)
rwills@rwillslawfirm.com
Wills Law Firm PLLC
1776 Yorktown, Suite 570
Houston, TX 77056
Tele: 713-528-4455
Fax: 713-528-2047

Attorneys for Plaintiffs

*(Attorneys for Defendants Listed on Following Page)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GEIGER, CHRISTINA GOMEZ, AMANDA HAYNES, PRISCILLA ESCARCEGA, and GARA BOOTEN, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, and TWC ADMINISTRATION LLC,<br><br>    Defendants. | CASE NO. 2:18-cv-00158-DMG-GJS<br><br>Hon.  Dolly M. Gee<br><br>**JOINT STIPULATION OF CLASS AND PAGA SETTLEMENT AND RELEASE** |

Joseph W. Ozmer II (SBN 316203)
jozmer@kcozlaw.com
J. Scott Carr (SBN 136706)
scarr@kcozlaw.com
Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

Attorneys for Defendants

- ii -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

I.      DEFINITIONS ................................................................................................ 1

II.     THE LITIGATION .......................................................................................... 4

III.    TERMS OF SETTLEMENT ........................................................................... 7

IV.     NOTICE AND PAYMENT PROCESS ......................................................... 13

V.      RELEASE OF CLAIMS BY THE CLASS, PLAINTIFFS, AND AGGRIEVED EMPLOYEES ............................................................................................... 16

VI.     ADDITIONAL DUTIES OF THE PARTIES ................................................ 18

VII.    VOIDING THE AGREEMENT ..................................................................... 19

VIII.   MEDIA CONTACT ....................................................................................... 20

IX.     PARTIES' AUTHORITY .............................................................................. 20

X.      MUTUAL FULL COOPERATION ............................................................... 20

XI.     NO PRIOR ASSIGNMENTS ........................................................................ 21

XII.    NO ADMISSION ........................................................................................... 21

XIII.   NOTICES ....................................................................................................... 21

XIV.    CONSTRUCTION ......................................................................................... 22

XV.     CAPTIONS AND INTERPRETATIONS ...................................................... 22

XVI.    MODIFICATION ........................................................................................... 22

XVII.   MERGER AND INTEGRATION .................................................................. 22

XVIII.  BINDING ON SUCCESSORS AND ASSIGNS ........................................... 23

XIX.    CLASS COUNSEL SIGNATORIES ............................................................. 23

XX.     COUNTERPARTS ........................................................................................ 23

XXI.    ENFORCEMENT ACTIONS ........................................................................ 23

This Joint Stipulation of Class and PAGA Settlement and Release Between Plaintiffs and Defendants (hereinafter "Stipulation of Settlement" or "Agreement") is made and entered into by and between Plaintiffs Louis Geiger,  Christina Gomez, Amanda Haynes, and Gara Booten (collectively, "Plaintiffs"), individually and on behalf of the class, and Defendants Charter Communications, Inc., Charter Communications, LLC, Time Warner Administration LLC, and Spectrum Management Holding Company, LLC (collectively, "Defendants"), in settlement of the Action, as defined below.  Plaintiffs and Defendants are collectively referred to herein as "the Parties."

Subject to the approval of the Court, the Parties agree as follows:

## I.    DEFINITIONS

In addition to the other terms defined elsewhere in this Agreement, the terms below have the following meanings:

1.    "Class Counsel" means Rhonda H. Wills of Wills Law Firm PLLC.  Class Counsel is authorized by Plaintiffs and all Opt-In Plaintiffs to take on their behalf all appropriate action required or permitted to be taken by Plaintiffs pursuant to this Stipulation of Settlement to effectuate its terms.

2.    "Class Counsel Fees and Expenses Payment" means the total amount of attorneys' fees, litigation costs, and expenses awarded to Class Counsel by the Court to compensate Class Counsel for its representation of the Classes in this Action, including pre-filing investigation, filing of the Action, all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

3.    "Overtime Class Members" means all individuals who worked for any of the Defendants as dispatchers at Defendants' El Segundo, California dispatch center from November 17, 2013 through August 22, 2019 and who were not bound by an arbitration agreement.

JOINT STIPULATION OF CLASS AND PAGA SETTLEMENT AND RELEASE

4.  "Wage Statement Class Members" means all individuals who worked for any of the Defendants as dispatchers at Defendants' El Segundo, California dispatch center from November 17, 2016 through August 22, 2019 and who were not bound by an arbitration agreement.

5.  "Aggrieved Employees" means all individuals who worked for any of the Defendants as dispatchers at Defendants' El Segundo, California dispatch center from October 25, 2017 through August 22, 2019.

6.  "Class Members" means the Overtime Class Members and the Wage Statement Class Members.

7.  "Class Period" means the period of time from November 17, 2013 through August 22, 2019.

8.  "Class Representatives" means Plaintiffs Louis Geiger, Christina Gomez, Amanda Haynes, and Gara Booten, who are acting as representatives of the Class Members.

9.  "Class Representative Payments" means the service awards paid to Plaintiffs in their individual capacities as class representatives and for their agreement to execute individual settlement agreements with Defendants.

10.  "Court" means the United States District Court, Central District of California.

11.  "Effective Date" means the date by which all of the following have occurred:

a.  All Parties, Class Counsel, and Defendants' Counsel have executed this Agreement;

b.  The Court has finally approved the settlement and entered Judgment thereon;

c.  The Court issues an order dismissing the Action with prejudice; and

d.  The Judgment has become Final.

12.    "Final" means that the settlement has been finally approved by the Court without material modification (as described in Paragraph 54 below) and either (i) the applicable date for seeking appellate review of the Court's final approval of the Settlement has passed without a timely appeal or request for review having been made; or (ii) if an appeal, review or writ is sought from the final judgment, the day after the judgment is affirmed or the appeal, review or writ is dismissed or denied, and the judgment is no longer subject to further judicial review.

13.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to finally approve and implement the terms of this Stipulation of Settlement.

14.    "Judgment" means the judgment entered by the Court at the time it grants final approval of this Settlement.

15.    "Settlement Amount" means Four Hundred and Ninety-Nine Thousand Dollars ($499,000.00).    The Settlement Amount is inclusive of all payments to Overtime Class Members, Wage Statement Class Members, and Aggrieved Employees; the Class Counsel Fees and Expenses Payment; the Class Representative Payments; the Settlement Administration Fees; and the California Labor & Workforce Development Agency ("LWDA") Payment described in Paragraph 34 below.

16.    "Preliminary Approval of the Settlement" means the Court's preliminary approval of the Settlement without material modification as described in Paragraph 54 below.

17.    "Settlement Administration Fees" means any fees owed to the Settlement Administrator in connection with administering the class settlement in this Action.

18.    "Settlement Administrator" means the third-party administrator appointed by the Court to administer the Settlement.    _____ [TBD] shall serve as the Settlement Administrator, subject to the Court's approval.

- 3 -

19.    "Settlement Class" means all Class Members who have not submitted a Request for Exclusion Form within the time provided in this Agreement.

20.    "Defendants' Counsel" means Joseph W. Ozmer II and J. Scott Carr of Kabat Chapman & Ozmer LLP.

21.    "Workweeks" means, for each Aggrieved Employee, the number of weeks in which the Class Member performed work for any of the Defendants as a dispatcher in the El Segundo, California dispatch Center from October 25, 2017 through August 22, 2019.  "Workweeks" shall include only Workweeks for which Defendants' records reflect that an Aggrieved Employee received pay for work performed (*e.g.*, an Aggrieved Employee who was on leave for an entire workweek does not receive "pay for work performed" during that week, regardless of whether the leave is paid).

## II.    THE LITIGATION

22.    On November 17, 2017, Class Counsel filed a class action complaint styled as *Louis Geiger, Christina Gomez, Amanda Haynes, Priscilla Escarcega, and Gara Booten, Individually and on Behalf of all Others Similarly Situated v. Charter Communications, Inc., Charter Communications, LLC, Spectrum Management Holding Company , LLC , and TWC Administration LLC* (Case No. BC683546) in the Superior Court of the State of California, County of Los Angeles (the "Action"). Defendants removed the Action to the United States District Court for the Central District of California where it is pending before the Honorable Dolly M. Gee, Case No. 2:18-CV-00158-DMG-GJS.

23.    On April 2, 2018, Class Counsel filed a First Amended Complaint ("FAC").  The FAC alleges that individuals who worked as dispatchers at Defendants' El Segundo, California dispatch center were denied overtime, meal periods, rest breaks, compliant itemized wage statements, were not paid all wages due at termination, and were subject to unfair competition.  Plaintiffs seek damages and other relief on behalf

of themselves and the members of the Settlement Class against Defendants under the federal Fair Labor Standards Act, the California Labor Code and the California Business & Professions Code, Section 17200 *et seq.*, including unpaid overtime, wage statement penalties, interest, attorneys' fees and costs, and injunctive relief.  Plaintiffs also assert a claim for penalties under the California Private Attorneys General Act (PAGA), Labor Code section 2699 *et seq.* as representatives of the Aggrieved Employees.

24.    On April 17, 2018, Defendants filed an Answer to the FAC, denying all of Plaintiffs' claims and asserting applicable affirmative defenses.

25.    The Action has been actively and heavily litigated. Class Counsel has conducted extensive investigation in this case, including interviewing witnesses, propounding extensive written discovery including interrogatories and multiple sets of requests for production of documents, reviewing extensive information and records provided by Defendants, and taking numerous depositions of employees of Defendants.  Defendants propounded multiple interrogatories and sets of requests for production of documents and took depositions of Plaintiffs, and Defendants reviewed Plaintiffs' written discovery responses and documents produced.  Furthermore, in November 2019, the Parties participated in mediation before mediator Lisa Klerman, a highly-respected neutral with extensive experience in mediating wage and hour class actions.  Although the case did not settle at mediation, counsel for Defendants and Class Counsel renewed settlement discussions after full briefing of Defendants' motions for decertification and summary judgment.  As a result of these subsequent efforts, the Parties reached a class-wide settlement that is the basis for this Stipulation of Settlement, and is hereby submitted to the Court for approval.

26.    The settlement set forth in this Stipulation of Settlement represents a hard fought, arms-length compromise and settlement of highly disputed claims.  Nothing in this Stipulation of Settlement is intended, or may be construed, as an admission by

Defendants that the Settlement Class's claims in the Action have any merit or that Defendants bear any liability to the Settlement Class, any Overtime Class Member, any Wage Statement Class Member, or any Aggrieved Employee on those claims. Indeed, Defendants expressly deny any and all such allegations, deny all wrongdoing, and deny that the Settlement Class and the Aggrieved Employees are entitled to any relief whatsoever from Defendants.

27.     On January 23, 2019, the Court certified the Overtime Class and Wage Statement Classes.

28.     The Court's final approval and Judgment with respect to this Agreement shall result in a full and complete settlement and release of the claims alleged in the Action against Defendants, which release includes in its effect all of Defendants' respective parents, affiliates, subsidiaries, partners, directors, officers, employees, agents, servants, registered representatives, administrators, predecessors, successors, fiduciaries, trustees, assigns, attorneys, and agents, including a waiver of all rights and benefits afforded by Section 1542 of the California Civil Code.

29.     Class Counsel has investigated the facts of the case. Based on her own independent investigation and evaluation, Class Counsel is of the opinion that this settlement with Defendants for the consideration and on the terms set forth in this Agreement is fair, reasonable, and adequate, and is in the best interest of the class in light of all known facts and circumstances, including the risk of significant costs and delay and numerous potential appellate issues. Although Defendants contend that they have no liability in this case, Defendants' Counsel share Class Counsel's belief that the settlement represents a fair and adequate settlement given the risks, delay, and uncertainty associated with the Action.

30.     Under California Law, the State may assess and collect civil penalties from employers for violations of certain provisions of the Labor Code. *See* Cal. Lab. Code §§ 2699(a). Under PAGA, however, if an "aggrieved" employee gives written

notice to the State and the employer of the specific provision of the Labor Code alleged to have been violated, and the State thereafter decides not to investigate, or does investigate and determines that a citation against the employer should not issue, the employee may, "as an alternative" to enforcement by the State, bring a civil action under PAGA to recover the civil penalties "on behalf of himself or herself and other current or former employees." *Id*. Civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the state and 25 percent to the aggrieved employees.  Labor Code § 2699(i).

31.    Labor Code section 2699(*l*)(2) provides that "[t]he superior court shall review and approve any settlement of any civil action filed pursuant to this part." Accordingly, the Parties hereby seek approval from this Court of this Agreement pursuant to California Labor Code section 2699(*l*)(2).  The Parties shall also submit a copy of this proposed settlement to the LWDA contemporaneously with the filing of the Motion for Preliminary Approval.  *See* § 2699(l)(2).

32.    The Parties will work together expeditiously to obtain preliminary and final approval of this Agreement and to dismiss this action with prejudice.

### III.    TERMS OF SETTLEMENT

33.    Now, therefore, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree that the claims set forth in the Action be settled and compromised between the Settlement Class and the Aggrieved Employees, on the one hand, and Defendants, on the other hand, subject to the Court's approval, as set forth below.

34.    The settlement embodied in this Agreement, including all releases of claims against Defendants by the Settlement Class and Aggrieved Employees, shall become effective upon the Effective Date.

35. **Financial Terms of Settlement:**

a. **Funding and Distribution of Settlement Proceeds.** In consideration for the settlement and release of the claims asserted in the Action, as well as the promises and covenants made by Plaintiffs as set forth in this Agreement, Defendants shall pay the Settlement Amount to the Settlement Administrator within fifteen (15) business days of the Effective Date. Under no circumstances shall the amount paid to the Settlement Administrator, plus the amount paid to Class Counsel and the LWDA hereunder and any other amounts to be paid by Defendants to Class Members and Aggrieved Employees, exceed the Settlement Amount.[1] In no event shall any part of the Settlement Amount revert to Defendants. The Claims Administrator will pay Class Counsel, the Class Representatives, Overtime Class Members, Wage Statement Class Members, and Aggrieved Employees the amounts due under this Agreement within fifteen (15) business days after receiving the Settlement Amount from Defendants. Should any amounts paid to the Class Representatives, Overtime Class Members, Wage Statement Class Members, or Aggrieved Employees remain uncashed 120 days after being mailed by the Claims Administrator, those amounts will not be redistributed to the Settlement Class Members or Aggrieved Employees but will be donated to the Boys and Girls Clubs of America.

b. **Attorneys' Fees and Costs.** Defendants and their counsel will not oppose an application to the Court for an award of a Class Counsel Fees and Expenses Payment consisting of: (1) up to forty percent (40%) of the Settlement Amount for attorneys' fees (One Hundred and Ninety-Nine Thousand Six Hundred and 00/100 Dollars ($199,600.00)) and (2) up to Thirty Thousand and 00/100 Dollars ($30,000.00) for reimbursement of Class Counsel's costs.

---

[1] The employer's share of any payroll taxes related to the settlement payments shall be paid by Defendants in addition to the Settlement Amount.

Plaintiffs, the Settlement Class, Aggrieved Employees, and Class Counsel shall not seek payment of attorneys' fees or reimbursement of costs or expenses except as set forth herein.  The Class Counsel Fees and Expenses Payment awarded by the Court will be deducted from the Settlement Amount and paid by the Settlement Administrator to Class Counsel within fifteen (15) business days of the Effective Date.  The Class Counsel Fees and Expenses Payment is the total amount of attorneys' fees, litigation costs, and expenses that Class Counsel will receive as compensation for her representation in the Action, including (without limitation) filing of the Action, expenses, this Settlement, and post-settlement activities and compliance procedures.  Class Counsel agrees that if the Court reduces the Class Counsel Fees and Expenses Payment, that is not a material alteration of the Agreement and will not be grounds to rescind, void, revoke or alter the Agreement.  The Settlement Administrator will issue an IRS Form 1099 to Class Counsel with respect to the attorneys' fees and costs awarded.

c.    **General PAGA Penalties Fund**.    The Parties agree that Defendants will pay a total of Eighty-Eight Thousand Nine Hundred Forty-Three and 75/100 Dollars ($88,943.75) to Aggrieved Employees and the LWDA in full satisfaction of all claims for PAGA civil penalties under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged to have been violated in the FAC with respect to Aggrieved Employees ("General PAGA Penalties Fund").  Pursuant to PAGA, Seventy Five Percent (75%) of the General PAGA Penalties Fund, or Sixty-Six Thousand Seven Hundred Seven and 81/100 Dollars ($66,707.81), will be paid to the LWDA, and the remaining Twenty-Five Percent (25%), or Twenty-Two Thousand Two Hundred Thirty-Five and 94/100 Dollars ($22,235.94), will be paid to the Aggrieved Employees according to the following formula:

i.    Defendants will calculate:  (i) the total number of workweeks worked by each Aggrieved Employee from October 25, 2017 through August 22, 2019, and (ii) the total number of workweeks worked by all Aggrieved Employees during that same time.

ii.    To determine each Aggrieved Employee's payment from the portion of the General PAGA Penalties Fund to be paid to Aggrieved Employees, Defendants will use the following formula:    Payment = $22,235.94    x [Workweeks Worked by Individual Aggrieved Employee During the Applicable Period ÷ Total Workweeks Worked by All Aggrieved Employees during the Applicable Period].

iii.    The Settlement Administrator will issue each Aggrieved Employee a check for his or her share of the General PAGA Penalties Fund along with an explanatory letter which will be mutually approved by the parties.

iv.    The payments to Aggrieved Employees will be reported to the taxing authorities by means of an IRS Form 1099.

v.    Upon entry of the Order and Judgment, all Aggrieved Employees will be forever barred from pursuing against Defendants any and all claims for PAGA civil penalties under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged or that could have been alleged in the Action with respect to the Aggrieved Employees based on the facts alleged in the FAC during the relevant time period set forth in the definition of Aggrieved Employees.  Aggrieved Employees, other than Plaintiffs, will not be deemed to have released any individual wage and hour claims by virtue of this Stipulation of Settlement.

vi.    The payments referred to in this subparagraph will be

- 10 -

1    deducted from the Settlement Amount.

2        d.    **Class Representative Payments.**  Class Counsel will request, and

3    Defendants will not oppose, payment of service awards to Plaintiffs Louis

4    Geiger,  Christina Gomez, Amanda Haynes, and Gara Booten, in an amount not

5    to exceed Five Thousand Dollars ($5,000.00) each, as reasonable additional

6    compensation for the time and effort expended by them in connection with the

7    initiation and maintenance of the Action and for their agreement to provide

8    Defendants with an executed individual settlement agreement containing,

9    among  other terms, a General Release of all claims as set forth therein. The

10   Class Representative Payments will be deducted from the Settlement Amount

11   and are in addition to any payment to which Plaintiffs may otherwise be entitled

12   under this Agreement as members of the Overtime Class, the Wage Statement

13   Class, or as an Aggrieved Employee.  The Class Representative Payments will

14   be reported to the taxing authorities by means of an IRS Form 1099.

15       e.    **Overtime Class Member Payments.**   The Parties agree that

16   Defendants will pay a total of Ninety-Six Thousand Five Hundred Fifty-Six and

17   25/100 Dollars ($96,556.25) to the Overtime Class.  The Parties have agreed to

18   the amounts that each Overtime Class Member will receive based on the number

19   of days each Overtime Class Member worked as a dispatcher at Defendants' El

20   Segundo, California dispatch center from November 17, 2013 through August

21   22, 2019.  The Parties have agreed to a schedule identifying the specific amounts

22   that each Overtime Class Member will receive pursuant to this subparagraph and

23   will provide same to the Settlement Administrator within ten (10) business days

24   of the Court entering the Order granting preliminary approval of this Stipulation

25   of Settlement.  The Overtime Class Member Payments will be deducted from

26   the Settlement Amount.  The Overtime Class Member Payments will have all

27   legally required withholdings and deductions made, and an IRS form W-2 will

28

- 11 -

be issued. Defendants will be solely responsible for paying the employer's share of any payroll taxes related to the settlement payments.

f.    **Wage Statement Class Member Payments.**  The Parties agree that Defendants will pay a total of Fifty-Three Thousand Nine Hundred and 00/100 Dollars ($53,900.00) to the Wage Statement Class.  The Parties have agreed to the amounts that each Wage Statement Class Member will receive based on the number of pay periods during the time each Wage Statement Class Member worked as a dispatcher at Defendants' El Segundo dispatch center from November 17, 2016 through August 22, 2019.  The Parties have agreed to a schedule identifying the amounts that each Wage Statement Class Member will receive pursuant to this subparagraph and will provide same to the Settlement Administrator within ten (10) business days of the Court entering the Order granting preliminary approval of this Stipulation of Settlement.  The Wage Statement Class Member Payments will be deducted from the Settlement Amount.  The Wage Statement Class Member Payments will be reported to the taxing authorities by means of an IRS Form 1099.

g.    **Settlement Administrator Fees.**  For purposes of this Agreement, the Settlement Administrator has agreed that the Settlement Administrator Fees shall not exceed Ten Thousand Dollars ($10,000).

36.    **No Credit Toward Benefit Plans.**    Payments to Overtime Class Members, Wage Statement Class Members, and/or Aggrieved Employees and the Class Representative Payments as referenced herein will not be utilized to calculate any additional benefits under any benefit plans to which any such person may be eligible, including, but not limited to profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Agreement will not affect any rights, contributions, or amounts to which any recipient of payment hereunder may be entitled

1  under any benefit plans.

## IV.   NOTICE AND PAYMENT PROCESS

37.   The Parties have agreed to the appointment of the Settlement Administrator to administer this settlement and independently review and verify documentation associated with any requests to be excluded and to pay the claims to the Class Members and Aggrieved Employees.

38.   If a Class Member disputes the accuracy of the amount set forth in his/her Settlement Notice, the Class Member must file a dispute in writing with the Settlement Administrator, and must provide any written documentation supporting his or her dispute. The submission of any Class Member dispute to the Settlement Administrator must be made in writing within the latter of thirty (30) days after the Settlement Notices or fourteen (14) days after remailing resulting from returned mail with forwarding addresses. Upon the filing of any dispute with the Settlement Administrator, the Settlement Administrator will talk to such persons filing the dispute and representatives from Defendants telephonically, and issue a final decision as to the total amount due, if any, to the Settlement Class Member.  The Settlement Administrator shall report, in summary or narrative form, the substance of its findings and, in that regard, the Settlement Administrator's decisions regarding such disputes shall be considered presumptively correct and binding on the Parties. The Settlement Administrator shall be granted reasonable access to Defendants' records to perform its duties.

39.   Within ten (10) business days of the Court entering the Order granting preliminary approval, Defendants' Counsel shall provide to the Settlement Administrator information regarding all Class Members and Aggrieved Employees, including name, last known address, last known telephone number, social security number and amounts to be paid pursuant hereto ("the Class List").   Defendants' Counsel agrees to provide this information in a format acceptable to the Settlement Administrator.

40.     Within ten (10) business days following receipt of the information described above, the Settlement Administrator shall update the Class Members' and Aggrieved Employees' addresses through the National Change of Address database (NCOA) or similar methods to ensure the most complete and accurate mailing reasonably possible, based on updated address information reasonably available and mail a Notice of Pendency of Class and Collective Action, Proposed Settlement and Hearing Date for Court Approval ("Notice of Pendency of Class and Collective Action and Proposed Settlement") in the form attached hereto as Exhibit "A" and approved by the Court, to each Class Member (but not any Aggrieved Employee) by first class mail. The Settlement Administrator will use the address information provided by Defendants' Counsel or a more current address from the NCOA or similar methods to ensure that the mailing is sent to the most accurate address reasonably available.

41.     Any returned envelopes from the mailing described in Paragraph 39 with forwarding addresses will be utilized by the Settlement Administrator to locate Class Members. The Settlement Administrator will take appropriate steps (which may include skip tracing) to ensure that the Notice of Pendency of Class and Collective Action and Proposed Settlement is sent to all Class Members.  It will be conclusively presumed that if an envelope has not been returned within thirty (30) days of the mailing, the Class Member received the Notice of Pendency of Class and Collective Action and Proposed Settlement.

42.     Each Class Member may submit a request for exclusion from the Settlement ("Request for Exclusion").  The Request for Exclusion must be postmarked and sent to the Settlement Administrator within forty-five (45) days from its initial mailing by the Settlement Administrator, as specified in the Notice of Pendency of Class and Collective Action and Proposed Settlement.

43.     The Settlement Administrator will certify to Class Counsel and Defendants' Counsel in writing the names of each Class Member who submitted a

timely Request for Exclusion, within seven (7) calendar days after the deadline to submit Requests for Exclusion.

44.     Class Counsel shall provide the Court and Defendants' Counsel, at least thirty (30) days prior to the final fairness hearing, a declaration by the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice of Pendency of Class and Collective Action and Proposed Settlement.

45.     Class Members shall be permitted to object to the settlement before final approval at the hearing for final approval of the Settlement as set by the Court.  All written objections shall be filed with the Court, with copies sent to the following:

**To Class Counsel:**
Rhonda H. Wills
Wills Law Firm PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056

**To Defendants' Counsel:**
J. Scott Carr
Kabat Chapman & Ozmer LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071

Any written objections shall state each specific objection and any legal support for each objection.  The objection must also state the Class Member's full name, address, and the dates of employment as a dispatcher at Defendants' El Segundo dispatch center.  To be effective, any objections to approval of the Settlement must be filed with the Clerk of the Court and properly served upon all of the above-listed attorneys within forty-five (45) days from the initial mailing of the Notice of Pendency of Class and Collective Action and Proposed Settlement to the Class Members or other date as set by the Court.  Class Members who submitted a Request for Exclusion shall not have standing to object to the Settlement.  Class Counsel and Defendants' Counsel shall thereafter be entitled to file and serve a response to any such objection no later than five (5) calendar days before the hearing on final approval of the settlement.

46.     If the Court rejects a Settlement Class Member's objection, the Settlement Class Member will still be bound by the terms of this Agreement.

47.     Neither the Parties nor their respective counsel will solicit or otherwise encourage any Class Member, directly or indirectly, to request exclusion from the Settlement, object to the Settlement, or appeal from the Judgment.

## V.     RELEASE OF CLAIMS BY THE CLASS, PLAINTIFFS, AND AGGRIEVED EMPLOYEES

48.     Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, the Settlement Class and each Class Member who has been identified on the Class List submitted to the Settlement Administrator, without the need to manually sign a release document, shall in exchange for the consideration recited in this Stipulation and Agreement, on behalf of himself or herself and on behalf of his or her current, former, and future heirs, executors, administrators, attorneys, representatives, agents, and assigns, fully release and discharge the Defendants, and their past, present and future partners, members, directors, officers, employees, agents, servants, registered representatives, administrators, predecessors, successors parents, subsidiaries, affiliates, fiduciaries, trustees, assigns, attorneys, and agents (collectively hereinafter the "Releasees") from any and all wage and hour claims, causes of action, damages, liabilities, debts, penalties, obligations, and demands, including, but not limited to, any and all claims for attorneys' fees, costs, interest, and statutory and civil penalties that were, or could have been, asserted in the Action. This includes, but is not limited to, any claims arising under the Fair Labor Standards Act, the California Labor Code, applicable California Industrial Welfare Commission Wage Orders, the California Business and Professions Code, the Private Attorneys General Act, and claims that were, or could have been based on the facts alleged in the Action, asserted in the Action, which arose during the Class Period ("Released Class Claims"). With respect to the release of claims under the Fair Labor Standards Act, such claims shall

be released only if the Settlement Class Member deposits, cashes, or otherwise accepts payment under the Settlement, at which point such Settlement Class Members shall be conclusively deemed to have opted in to the Action pursuant to 29 U.S.C. § 216(b). The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with monthly reports for a period of six months after the mailing of the Settlement Payments identifying those class members who have deposited, cashed, or otherwise accepted payment.

49.    In order to achieve a full and complete release of the Releasees, each Settlement Class Member acknowledges that this Agreement is also intended to include in its effect Released Class Claims that each Class Representative and Class Member does not know or suspect to exist in his or her favor at the time the Court enters an order granting final approval of this Agreement. Accordingly, with respect to the Released Class Claims only, each Class Representative and each Class Member waives all rights and benefits afforded by Section 1542 of the California Civil Code, and does so understanding the significance of that waiver.  Section 1542 provides the following:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

50.    Each Settlement Class Member acknowledges that if he or she initiates a lawsuit against Defendants or the Releasees based on any claim released under this Agreement, and the court invalidates the foregoing release, the Settlement Class Member shall return all payments received pursuant to this Agreement within five (5) calendar days of any court order invalidating the foregoing release.

51.    In addition to the foregoing, as a condition of receiving any portion of either the Overtime Class Payment, the Wage Statement Class Payment, Class

Representative Payments, or an Aggrieved Employee Payment, Louis Geiger, Christina Gomez, Amanda Haynes, and Gara Booten shall also shall execute separate Confidential Settlement Agreements containing, among other provisions, general releases in a form that is acceptable to the Parties.

## VI.    ADDITIONAL DUTIES OF THE PARTIES

52.    Within ten (10) calendar days of the filing of the motion for preliminary approval of this Agreement, Defendants will serve notices of settlement on the appropriate state official in each state in which Class Members reside and the appropriate federal official as required by 28 U.S.C. § 1715(b)(1)-(8).

53.    Promptly upon execution of this Stipulation of Settlement, the Parties shall apply to the Court for the entry of a preliminary approval Order accomplishing the following:

       a.    Preliminarily approving the settlement as to form and content;

       b.    Approving as to form and content the proposed Notice of Pendency of Class and Collective Action and Proposed Settlement;

       c.    Approving as to form and content the Proposed Request for Exclusion Form;

       d.    Directing the mailing of the Notice of Pendency of Class and Collective Action and Proposed Settlement and Request for Exclusion Form by first class mail to the Class Members; and

       e.    Scheduling a hearing to determine whether the proposed settlement should be finally approved as fair, reasonable, and approving attorneys' fees and costs.

54.    Following final approval by the Court of the settlement provided for in this Agreement, the Parties will submit a proposed final approval Order and Judgment:

a.    Approving the settlement, adjudging the terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.    Approving an award of attorneys' fees and reimbursement of litigation costs and expenses, and the service award payments to Louis Geiger, Christina Gomez, Amanda Haynes, and Gara Booten in the manner set forth in this Agreement; and

c.    Dismissing this action on the merits and with prejudice and permanently barring all members of the Settlement Class from prosecuting against the Releasees any Released Class Claims.

## VII.    <u>VOIDING THE AGREEMENT</u>

55.    A failure of the Court to approve any material condition of this Agreement that effects a material modification change of the Parties' settlement shall render the entire Agreement voidable and unenforceable as to all Parties herein at the option of any party upon five (5) calendar days' written notice to the other Parties and the Court. A material modification of the Settlement includes, but is not limited to, a decision by the Court to strike any of the claims listed in Section IV from the Settlement or the release, or to modify or alter the terms or amount of payment of the Settlement Amount. Any reduction in the amount of Class Counsel Fees and Expenses Payment and/or the Class Representative Payments sought will not constitute a material modification of the Settlement and will not be grounds to void the Settlement. If the Court denies final approval of the Settlement, or if the Court's final approval of the Settlement is reversed or materially modified on appellate review, then this Settlement will become voidable and unenforceable as to all Parties herein at the option of any party upon five (5) calendar days' written notice to the other Parties and the Court after the issuance of the order of the court reversing or materially modifying the Settlement. If the Settlement is voided through any of these mechanisms, the Parties will have no further obligations

under the Settlement, including any obligation by the Defendants to pay the Settlement Amount, or any amounts that otherwise would have been owed under this Settlement. Each Party may exercise its option to void the Settlement by giving notice, in writing, to the other Party and to the Court within the time periods set forth above.

## VIII.    MEDIA CONTACT

56.    Plaintiffs and their counsel agree that they will not directly or indirectly issue any press release, hold any press conference, make any posting on any website, instant messaging site, blog, or social networking site, initiate or respond to any contact with any members of the news media, including, but not limited to, any radio or television stations, newspapers, or magazines regarding the Action, the settlement between the Parties, this Agreement, or the negotiations of this Agreement.

## IX.    PARTIES' AUTHORITY

57.    The Parties and their respective signatories represent and warrant that they have the capacity and full authority to enter into this Agreement and to bind the Parties to the terms and conditions set forth in this Agreement.

## X.    MUTUAL FULL COOPERATION

58.    The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.  As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defendants' Counsel, take all reasonable and necessary steps to secure the Court's preliminary and final approval of this Agreement.

59.    The Parties agree to waive all appeals from the Court's final approval of this Settlement, unless the Court materially modifies the terms of the Settlement.

## XI.    NO PRIOR ASSIGNMENTS

60.    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged.

## XII.    NO ADMISSION

61.    Nothing contained in this Agreement, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants, and Defendants expressly deny same.  Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## XIII.    NOTICES

62.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class United States mail, return receipt requested, addressed:

**To The Settlement Class:**
Rhonda H. Wills
Wills Law Firm PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056

**To Defendants' Counsel:**
J. Scott Carr
Kabat Chapman & Ozmer LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071

## XIV.    CONSTRUCTION

63.    The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and their counsel.  The Parties have jointly participated in the drafting and approval of this Agreement, which shall not be construed in favor of or against any party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Agreement.

## XV.    CAPTIONS AND INTERPRETATIONS

64.    Section and paragraph titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions. Each term of this Agreement is contractual and not merely a recital.

## XVI.    MODIFICATION

65.    This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all of the Parties.

## XVII.    MERGER AND INTEGRATION

66.    This Stipulation of Settlement and the Individual Settlement Agreements (and with respect to Gara Booten only, the September 9, 2019 Separation Agreement and Release) contain the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## XVIII.    BINDING ON SUCCESSORS AND ASSIGNS

67.    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XIX.    CLASS COUNSEL SIGNATORIES

68.    It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The Notice of Pendency of Class and Collective Action and Proposed Settlement will advise all Class Members of the binding nature of the release and the Plaintiffs' execution of this Agreement, as Class Representatives, shall have the same force and effect as if this Agreement were executed by each member of the class.

## XX.    COUNTERPARTS

69.    This Agreement may be executed in one or more counterparts, at different times and places.  When all Parties have executed a counterpart of this Agreement, it shall be binding on all Parties notwithstanding that all of them may not have signed the same counterpart.  A facsimile or other copy of an executed counterpart hereof, such as an e-mailed PDF copy, shall have the same effect as an original.

## XXI.    ENFORCEMENT ACTIONS

70.    In the event that one or more of the Parties to this Agreement institutes any legal action or other proceeding against any other Party to enforce this Agreement, the prevailing Party shall be entitled to recover from the other Party his, her, or its reasonable attorneys' fees and costs, including expert witness fees incurred, in addition to any other award.

1   DATED: September _____, 2020

2   _____
                                    Louis Geiger

3   DATED: September _____, 2020

4   _____
                                    Christina Gomez

    DATED: September _____, 2020

5   _____
                                    Amanda Haynes

6   DATED: September _____, 2020

7   _____
                                    Gara Booten

8   DATED: September _____, 2020

9   _____
                                    For Defendants

10

11  DATED: September 15, 2020    WILLS LAW FIRM PLLC

12  _/s/ Rhonda H. Wills_____
                                    Rhonda H. Wills

13                              Attorneys for Plaintiffs and for the
                                Settlement Class
14

15

16                              KABAT CHAPMAN & OZMER LLP

17
    DATED: September 15, 2020    _/s/ J. Scott Carr_____
18                                    J. Scott Carr

19                              Attorneys for Defendants

20

21

22

23

24

25

26

27

28
                                    - 24 -

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF PENDENCY OF COLLECTIVE AND CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

| | |
|---|---|
| LOUIS GEIGER, CHRISTINA GOMEZ, AMANDA HAYNES, PRISCILLA ESCARCEGA, and GARA BOOTEN, Individually and on Behalf of all Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, and TWC ADMINISTRATION LLC,<br><br>                Defendants. | Case No.: 2:18-cv-00158-DMG-GJS |

**TO:   ALL CURRENT AND FORMER DISPATCHERS WHO WORKED FOR DEFENDANTS AT DEFENDANTS' EL SEGUNDO, CALIFORNIA DISPATCH CENTER FROM NOVEMBER 17, 2013 THROUGH AUGUST 22, 2019 AND WHO ARE NOT BOUND BY AN ARBITRATION AGREEMENT**

**PLEASE READ THIS NOTICE CAREFULLY.  THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.**

**SPANISH VERSION AVAILABLE: [Insert statement in Spanish indicating Spanish version of Notice and forms are available by contacting Settlement Administrator]**

## INTRODUCTION

This Notice describes a proposed settlement (the "Settlement") of the class action lawsuit *Louis Geiger, et al. v. Charter Communications, Inc., et al.*, United States District Court for the Central District of California, Civil Action No. 2:18-cv-00158-DMG-GJS, and is being sent to you by Order of the United States District Court for the Central District of California (the "Court"), which has preliminarily approved the Settlement.  The Settlement will provide money to pay claims by all individuals who worked for Defendants as dispatchers at Defendants' El Segundo, California dispatch center from November 17, 2013 through August 22, 2019 and who were not bound by an arbitration agreement and who claim they (1) were not properly paid overtime wages for all hours worked, and (2) did not receive accurate itemized wage statements.  The Settlement will resolve all claims that were, or which could have been, asserted in this litigation on an individual, class, or representative basis, including, but not

**Page 1 of 7**
**Any Questions? Please call the Claims Administrator toll-free at [CLAIMS NUMBER]**
**Claim Forms must be postmarked no later than [CLAIM DEADLINE]**

limited to, claims under the Fair Labor Standards Act, the California Labor Code, the California Business & Professions Code, and the California Private Attorneys General Act.

You have received this notice because records indicate that you worked as a dispatcher at Defendants' El Segundo, California dispatch center for some period of time between November 17, 2013 and August 22, 2019 and are not bound by an arbitration agreement.

The following table summarizes your options in responding to this Notice and the result of you exercising each option. These options are described in more detail below.

| SUMMARY OF LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **OPTION** | **RESULT** |
| Do nothing | Receive payment. |
| Object | Write to the Court and explain any concerns you have regarding the Settlement. |
| Attend hearing | Request to speak to the Court about the fairness of the Settlement. |
| Submit an exclusion form | Request to be excluded from the Settlement and retain your rights to bring your own claim. |

## CRITICAL DATES

**[OBJECT DEADLINE]**:    The last date to mail any written objections to the Settlement.

**[HEARING DATE]**:    The date of the Court hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court.

**[EXCLUSION DEADLINE]:**    The last date to sign, complete and mail the enclosed Request for Exclusion Form to opt out of the Settlement and retain your rights to bring your own claim.

## BACKGROUND OF THE CASE

Four former El Segundo dispatchers ("Plaintiffs") filed a proposed class action complaint ("the Litigation") against Defendants, individually and on behalf of all others similarly situated.

Plaintiffs allege in the Litigation that from November 17, 2013 to August 22, 2019, Defendants failed to pay their El Segundo dispatchers all overtime wages for all hours worked, and failed to provide El Segundo dispatchers with accurate wage statements. Plaintiffs also asserted claims on behalf of El Segundo dispatchers under the California Business & Professions Code for unfair competition, and under the California Private Attorneys General Act.

Defendants contend that the Litigation lacks merit and that they properly paid El Segundo dispatchers for all hours worked, including overtime wages. Defendants also contend that they provided accurate itemized wage statements. Defendants deny that Plaintiffs or El Segundo dispatchers are entitled to any

**Page 2 of 7**
**Any Questions? Please call the Claims Administrator toll-free at [CLAIMS NUMBER]**
**Claim Forms must be postmarked no later than [CLAIM DEADLINE]**

relief whatsoever under the Fair Labor Standards Act, the California Labor Code, the California Business & Professions Code, or the California Private Attorneys General Act ("PAGA").

The case has been actively litigated since it was filed, which includes substantial written discovery and depositions, and extensive motion practice. The Parties also engaged in intensive fact review and voluntary document exchange throughout the litigation. The parties reached a settlement, which the Court has preliminarily approved.

## <u>SUMMARY OF THE PROPOSED SETTLEMENT</u>

**Who is included in the Settlement?**

You are eligible for inclusion in the Settlement if you were employed by one or more Defendants as a dispatcher at Defendants' El Segundo, California dispatch center from November 17, 2013 through August 22, 2019 and were not bound by an arbitration agreement (the "Recovery Period"). Defendants will make a Settlement Payment, through an independent Settlement Administrator, to each Settlement Class Member who is eligible for payment and does not request to be excluded from the settlement as set forth below.

**What will I receive from the Settlement?**

The Settlement calls for a total maximum payment by Defendants not to exceed Four Hundred Ninety-Nine Thousand Dollars ($499,000.00), broken down as follows:

| | |
|---|---|
| $499,000.00 | Total Gross Settlement Amount |
| $30,000.00 | Estimated Litigation Costs |
| $199,600.00 | Estimated Attorneys' Fees |
| $10,000.00 | Estimated Claims Administrator Fees |
| $20,000.00 | Total Class Representative Payments |
| $66,707.81 | Payment of PAGA Penalties to Labor & Workforce Development Agency |
| $172,692.19 | Amount for Distribution to Class Members and Aggrieved Employees |

These amounts, other than the Total Gross Settlement Amount, may vary depending upon whether and in what amounts the Court approves the "estimated" fees and costs set forth above.

If you do not request to be excluded from the Settlement, you will receive the following estimated total payment from the Settlement:

$_____

The amount above was based on the number of days and/or weeks you actually worked as a dispatcher

**Page 3 of 7**
**Any Questions? Please call the Claims Administrator toll-free at [CLAIMS NUMBER]**
**Claim Forms must be postmarked no later than [CLAIM DEADLINE]**

at Defendants' El Segundo, California dispatch center from November 17, 2013 through August 22, 2019, as determined by the records of Defendants.

**When will I receive my Settlement Payment?**

The Settlement Payments will be paid approximately 15 business days after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.  The earliest that the Settlement Payment could be paid is in **[DATE]**.

**Attorneys' Fees and Costs:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, Class Counsel will seek an award of attorneys' fees in an amount up to forty percent (40%) of the maximum settlement amount ($199,600.00).  In addition, Class Counsel will ask to be reimbursed for costs in an amount up to $30,000.00 incurred in prosecuting this action.  Class Counsel believes that the amounts for costs and attorneys' fees requested is fair and reasonable, and Defendants will not oppose Class Counsel's request for these amounts.

**Labor & Workforce Development Agency Payment of PAGA Penalties:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, there will be a payment to the California Labor & Workforce Development Agency ("LWDA") of up to $66,707.81 for purported penalties attributable to the PAGA claims asserted in this litigation.

**Settlement Administrator:**  The Court has appointed CPT Group, Inc. to act as an independent Settlement Administrator to process this settlement, to resolve any dispute concerning a Settlement Class Member's eligibility to participate in the Settlement and his or her share of the Settlement proceeds and to make payments under the Settlement.  Subject to approval and order by the Court, the independent claims administrator will be reimbursed for administering this settlement in an amount estimated to be up to $10,000.

## <u>YOUR LEGAL REPRESENTATION</u>

The Court has decided that the following attorney is qualified to represent you and all other Settlement Class Members:

Rhonda H. Wills (SBN 323435)
rwills@rwillslawfirm.com
Wills Law Firm, PLLC
1776 Yorktown, Suite 570
Houston, TX 77056
Tele: 713-528-4455
Fax: 713-528-2047

This attorney is referred to as "Class Counsel."  You do not need to hire your own attorney because Class Counsel is working on your behalf.  You do, however, have the right to your own attorney, but you will be required to pay his or her fees.  If you have questions or desire additional details, you may call, email, or correspond with Class Counsel.  You may also view any of the documents on file with the Court in the Litigation at the United States District Court for the Central District of California, Western Division, 350 W. 1st Street, Los Angeles, California 90012-4565.

**Page 4 of 7**
**Any Questions? Please call the Claims Administrator toll-free at [CLAIMS NUMBER]**
**Claim Forms must be postmarked no later than [CLAIM DEADLINE]**

## WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

**Excluding Yourself from the Settlement:**  If you wish to be excluded from receiving payment as a member of the Overtime and/or Wage Statement Classes, you must complete the Request for Exclusion Form and return it.  The Request for Exclusion Form must be signed, dated, postmarked no later than **[DEADLINE – WHATEVER DATE IS 45 DAYS FROM MAILING OF NOTICE]** and returned to:

     CHARTER DISPATCHER SETTLEMENT
     c/o **[INSERT CLAIMS ADMINISTRATOR]**

Any person who submits a complete and timely Request for Exclusion Form shall, upon receipt, no longer be a Settlement Class Member, and shall receive no benefits from the Settlement as an Overtime and/or Wage Statement Class Member.  Any such person, at their own expense, may pursue any valid and timely claims he or she may have against Defendants.  An incomplete or unsigned Request for Exclusion will be deemed invalid.

**Objection to Settlement:**  You can object to the terms of the Settlement before final approval.  However, if the Court rejects your objection, you will still be bound by the terms of the Settlement.  To object, no later than **[45 DAYS FROM DATE NOTICE GOES OUT]** you must file a written objection and a notice of intention to appear at the Final Approval hearing currently set for **[FINAL APPROVAL HEARING DATE]**, at **[TIME]**, Courtroom 8C, 8th Floor, 350 W. 1st Street, Los Angeles, California 90012-4565, with the Clerk of the United States District Court for the Central District of California, Western Division, 350 W. 1st Street, Los Angeles, California 90012-4565, and send copies to the following:

| **CLASS COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|
| Rhonda H. Wills (SBN 323435) | J. Scott Carr |
| rwills@rwillslawfirm.com | scarr@kcozlaw.com |
| Wills Law Firm, PLLC | Kabat Chapman & Ozmer LLP |
| 1776 Yorktown, Suite 570 | 333 S. Grand Avenue, Suite 2225 |
| Houston, TX 77056 | Los Angeles, CA 90071 |

Any written objection shall state each specific reason in support of your objection and any legal support for each objection.  Your objection must also state your full name, address, and the dates of your employment with Defendants as a dispatcher at Defendants' El Segundo, California dispatch center between November 17, 2013 through August 22, 2019.  To be valid and effective, any objection to approval of the Settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than **[OBJECT DEADLINE – 45 DAYS OF DATE NOTICE SENT OUT]**. **DO NOT TELEPHONE THE COURT.**

If you choose to file an objection to the terms of this settlement, you will be solely responsible for the fees and costs of your own attorney.

## EFFECT OF THE SETTLEMENT

The settlement is intended to settle all claims against Defendants that Settlement Class Members have or could have asserted in the Litigation, including, but not limited to, alleged: (a) failure to pay overtime wages under state and/or federal law; (b) failure to provide accurate itemized wage statements; (c)

**Page 5 of 7**
**Any Questions? Please call the Claims Administrator toll-free at [CLAIMS NUMBER]**
**Claim Forms must be postmarked no later than [CLAIM DEADLINE]**

violations of the California Unfair Competition Law (the "UCL," Bus. & Prof. Code § 17200 et seq.) to the extent the violations of the UCL are based on (a) and (b) above; and (d) violations of the California Private Attorneys General Act ("PAGA"), to the extent the violations of the PAGA are based on (a) and (b) above, including any and all damages, liabilities, debts, penalties, obligations, and demands, attorneys' fees, costs, interest, and statutory and civil penalties based on (a) through (d) above or any of them, regardless of what law such claims, causes of action, damages, liabilities, debts, penalties, obligations, and demands, attorneys' fees, costs, interest, and statutory and civil penalties arise from, including but not limited to the California Labor Code, applicable California Industrial Welfare Commission Wage Orders, the California Business and Professions Code, the Private Attorneys General Act or the Fair Labor Standards Act.  The release will extend to Defendants and their respective past, present and future partners, members, directors, officers, employees, agents, servants, registered representatives, administrators, predecessors, successors, parents, subsidiaries, affiliates, fiduciaries, trustees, assigns, attorneys, and agents.  If you were employed as a dispatcher at Defendants' El Segundo, California dispatch center during the time period from November 17, 2013 through August 22, 2019 and are not bound by an arbitration agreement, and do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into this release and to have released the above-described claims.

Each Settlement Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California as to the claims enumerated immediately above only, and does so understanding the significance of that waiver.  Section 1542 provides the following:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

To achieve a full and complete release of Defendants and their partners, members, directors, officers, employees, agents, servants, registered representatives, administrators, predecessors, successors, parents, subsidiaries, affiliates, fiduciaries, trustees, assigns, attorneys and agents, each Settlement Class Member acknowledges that this settlement is intended to include in its effect all claims arising from or related to the Litigation that each Settlement Class Member does not know or suspect to exist in his or her favor at the time that he or she receives payment pursuant to the Settlement.

If you choose to participate in this settlement, please be advised that if you later initiate a lawsuit against Defendants based on any claim that you have released above, and the court invalidates the release, you must return to Defendants all payments that you have received under this settlement within five (5) calendar days of a court order invalidating the release.

Furthermore, if you are a Class Member and do not elect to exclude yourself from the Settlement as provided for in this Notice, you will be deemed to have entered into this release and to have released the above-described claims.  If the Settlement is approved by the Court and becomes final, the Settlement will be consummated.  If the Settlement is not approved by the Court or does not become final for some other reason, the Litigation will continue.

## FINAL SETTLEMENT APPROVAL HEARING

**Page 6 of 7**
**Any Questions? Please call the Claims Administrator toll-free at [CLAIMS NUMBER]**
**Claim Forms must be postmarked no later than [CLAIM DEADLINE]**

The Court will hold a hearing in the United States District Court for the Central District of California, Western Division, Courtroom 8C, 8th Floor, 350 W. 1st Street, Los Angeles, California 90012-4565411 on **[FINAL APPROVAL HEARING DATE AND TIME]**, to determine whether the Settlement should be finally approved as fair, reasonable and adequate.  The Court also will be asked to approve Class Counsel's request for attorneys' fees and reimbursement of costs and expenses.  The hearing may be continued without further notice to the Settlement Class.  It is not necessary for you to appear at this hearing unless you have timely filed an objection with the Court.

## ADDITIONAL INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you should consult the detailed "Joint Stipulation of Class and PAGA Settlement and Release," which is on file with the Clerk of the Court.  The pleadings and other records in the Litigation, including that stipulation, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, Western Division, 350 W. 1st Street, Los Angeles, California 90012-4565.

If you are a current employee of Defendants (or a successor or affiliate of Defendants), please know that you will not suffer any retaliation should you decide to participate in the Settlement.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT. ANY QUESTIONS SHOULD BE DIRECTED TO CLASS COUNSEL AT (713) 528-4455 OR rwills@rwillslawfirm.com (NOT DEFENDANTS' COUNSEL) OR THE SETTLEMENT ADMINISTRATOR LISTED HEREIN BY ORDER OF THE COURT.**

**Page 7 of 7**
**Any Questions? Please call the Claims Administrator toll-free at [CLAIMS NUMBER]**
**Claim Forms must be postmarked no later than [CLAIM DEADLINE]**