Rhonda H. Wills (SBN 323435)
rwills@rwillslawfirm.com
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

ATTORNEY FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GEIGER, CHRISTINA GOMEZ, AMANDA HAYNES, PRISCILLA ESCARCEGA, and GARA BOOTEN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, and TWC ADMINISTRATION LLC,<br><br>          Defendants. | CASE NO.: 2:18-cv-00158-DMG-GJS<br><br>Hon. Dolly M. Gee<br><br>**DECLARATION OF RHONDA H. WILLS IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:       January 29, 2021<br>Time:      10:00 a.m.<br>Courtroom:  8C |

# DECLARATION OF RHONDA H. WILLS

I, Rhonda H. Wills, declare as follows:

1.      I am the managing attorney and founding member of Wills Law Firm, PLLC and class counsel and counsel for Plaintiffs Louis Geiger, Christina Gomez, Amanda Haynes, and Gara Booten, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs") in the above-captioned matter. I have personal knowledge of the facts stated herein, and, if called and sworn as a witness, I could and would competently testify thereto.

2.      I am a 1994 graduate of the University of Texas School of Law, and I have a B.B.A. in international business from the University of Texas at Austin. I have been licensed to practice in Texas since 1994, and since that time I have been a member of the State Bar of Texas in good standing. I am also admitted and licensed to practice law in New York and California, and I am a member of the State Bar of New York and the State Bar of California in good standing.

3.      I am admitted to practice before all California, New York, and Texas state courts, the Central District of California, the Northern District of California, the Southern District of New York, the Southern District of Texas, the Northern District of Texas, the Western District of Texas, the Fifth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I have also appeared *pro hac vice* as lead counsel in cases pending in the Eastern District of Louisiana, the District of New Jersey, and the District of Kansas.

4.      Before founding Wills Law Firm, PLLC in 2003, I practiced at Vinson & Elkins, LLP for almost 8 years following a one-year judicial clerkship with the Supreme Court of Texas as a briefing attorney.

5.      While at Vinson & Elkins, LLP, I handled complex class actions representing defendants in various jurisdictions, including Texas, South Carolina, Tennessee, New Jersey, Florida, Alabama, the U.S. Virgin Islands, and Canada.

Further, I was a senior member of the litigation team involved in representing an international company in conjunction with a $1 billion class action settlement fund.

6.    In the past 25 years of practicing law, among other things, I have specialized in employment litigation and complex multi-party litigation, including national and statewide class actions and collective actions brought under the Fair Labor Standards Act ("FLSA"). I have also received numerous accolades, including providing commentary as a legal expert on CNN and being named by Black Enterprise magazine as one of the top 10 female attorneys in the nation in 2016.

7.    At Wills Law Firm, PLLC, I have focused my practice on representing plaintiffs in nationwide and statewide FLSA collective actions and wage and hour class actions, and I am highly experienced in complex and class action litigation. I have successfully resolved multiple cases that have been certified by federal courts on a nationwide and statewide basis. Since 2008, I have appeared as lead counsel in more than 100 wage and hour matters in arbitration proceedings and federal and state courts nationwide, including matters that have been certified on a state and/or nationwide basis. I was appointed Lead Counsel in a multi-district litigation ("MDL") nationwide collective action involving thousands of class members. I also currently have or have previously had wage and hour matters filed before judges in the Central District of California, the Northern District of California, the Southern District of Texas, the Northern District of Texas, the Western District of Texas, the Southern District of New York, the District of New Jersey, the District of Kansas, and the Los Angeles Superior Court. I have also acted as lead counsel in jury trials of wage and hour cases in federal courts and in arbitration proceedings.

8.    In addition to this matter, a list of some of the wage and hour matters in which I have served (or am currently serving) as lead counsel includes, but is not limited to, the following:

- *In re Wells Fargo Wage and Hour Employment Practices Litigation* (No. III), Civil Action No. 4:11-md-2266, MDL in the Southern District

of Texas, Houston Division (National/Multi-District FLSA collective action re mortgage loan officers) ($15 million settlement) (J. Miller);

- *Carroll, et al. v. Wells Fargo & Company, et al.*, Civil Action No. 3:15-cv-02321, In the United States District Court for the Northern District of California (California wage and hour class action) ($13 million class settlement) (J. Chen);

- *Pinedo v. Tumi, Inc.*, Civil Action No. 2:15-cv-05520-PSG-MRW, In the United States District Court for the Central District of California (California wage and hour claims) (settlement) (J. Gutierrez);

- *Cartwright, et al. v. Tumi, Inc.*, Civil Action No. BC631409, In the Superior Court of the State of California, County of Los Angeles (California wage and hour claims) (settlement) (J. Highberger);

- *Bejenaru, et al v. KB Home, et al.*, Civil Action No. BC521236, In the Superior Court of the State of California, County of Los Angeles, Civil Central West (California wage and hour class action) ($3.4 million settlement) (J. Jones); transferred to the Southern District of Texas and consolidated with Edwards (see below);

- *Edwards, et al. v. KB Home*, Civil Action No. 3:11-cv-00240, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa);

- *Lau v. Wells Fargo & Co, et al.*, Civil Action No. 1:20-cv-03870-AJN, In the United States District Court for the Southern District of New York (putative Rule 23 class action and FLSA collective action) (J. Nathan).

- *Richard, et al., v. ViewPoint Bank, et al.*, Civil Action No. 4:11-cv-00846, In the United States District Court for the Southern District of

Texas, Houston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Lake);

- *Salto, et al., v. Ameripro Funding, Inc*., Civil Action No. 1:11-cv-00289-SS, In the United States District Court for the Western District, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks);

- *Bethea, et al., v. 360 Mortgage Group, LLP*, Civil Action No. 1:11-cv-921-SS, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks);

- *Valladares, et al., v. Priority Home Mortgage, LP, et al*., Civil Action No. 3:11-cv-00114, In the United States District Court for the Southern District of Texas, Galveston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Hoyt);

- *Perez, et al., v. Wells Fargo & Company, et al*., Civil Action No. 3:14-cv-00989, In the United States District Court for the Northern District of California (wage and hour action brought individually on behalf of ten plaintiffs who were previously employed in non-exempt positions by Wells Fargo) (confidential settlement) (J. Hamilton);

- *Mote v. Perry Homes, A Joint Venture, et al*., Civil Action No. 1:09-cv-00553-LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Yeakel);

- *Villegas v. Regions Bank, et al.*, Civil Action No. 4:11-cv-00904, In the United States District Court for the Southern District of Texas, Houston Division (FLSA action re mortgage loan officer) (confidential settlement) (J. Rosenthal);

- *Vangelakos, et al. v. Wells Fargo Bank, N.A.*, et al., Civil Action No. 1:13-cv-06574, In the United States District Court Southern District of New York (off-the-clock wage and hour violations) (confidential settlement) (J. Castel);

- *Fernandez, et al. v. Wells Fargo Bank, N.A.*, et al., Civil Action No. 12-cv-7193, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (confidential settlement) (J. Castel);

- *Scutts, et al. v. Wachovia Corporation, et al.*, Civil Action No. 12-cv-07194, In the United States District Court Southern District of New York (off-the-clock wage and hour violations) (J. Castel);

- *McNeill, et al., v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-01400, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wells Fargo tellers) (confidential settlement) (J. Miller);

- *McNeill, et al., v. Wachovia Corporation, et al.*, Civil Action No. 4:11-cv-01401, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wachovia tellers) (confidential settlement) (J. Rosenthal);

- *Richardson, et al., v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-00738, In the United States District Court for the Southern District of Texas, Houston Division (off-the-clock FLSA violations re Wells Fargo personal bankers) (confidential settlement) (J. Atlas);

- *Canela, et al., v. HEB Grocery Company, LP, et al.*, Civil Action No. 1:10-cv-0078-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel);

- *Fructuoso, et al., v. HEB Grocery Company, LP, et al.*, Civil Action No. 1:10-cv-00951- LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action) (confidential settlement) (J. Yeakel);

- *Rueda, et al., v. Tecon Services, Inc.*, Civil Action No. 4:10-cv-04937, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal);

- *Hernandez, et al. v. Robert Dering Construction*, Civil Action No. 3:15-cv-00176, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (J. Hanks);

- *Gonzalez, et al., v. Ridgewood Landscaping, Inc.*, Civil Action No. 4:09-cv-02992, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal);

- *Willis, et al., v. Perry Homes, et al.*, Civil Action No. 1:09-cv-00799-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel);

- *Sandberg, et al., v. Perry Homes, et al.*, Civil Action No. 1:09-cv-00763-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel);

- *Hughes v. The Ryland Group, Inc. et al.*, Civil Action No. 3:11-cv-00203, In the United States District Court for the Southern District of Texas, Galveston Division (confidential settlement) ;

- *Gillum, et al., v. Acuity Healthcare, LP*, Civil Action No. 4:11-cv-391, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collection action re healthcare workers) (confidential settlement) (J. Atlas);

- *McCarragher, et al., v. The Ryland Group, Inc. et al*., Civil Action No. 4:11-cv-00055, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa);

- *Lipnicki, et al., v. Meritage Homes Corporation, et al*., Civil Action No. 3:11-cv-00605, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement following a one-week bellwether trial) (J. Costa)

- *White-Yeldell v. Lennar Corporation, et al*., Civil Action No. 4:08-cv-03743, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore);

- *Carter, et al., v. Lennar Corporation, et al*., Civil Action No. 4:08-cv-03790, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas);

- *Sam, et al., v. Lennar Corporation, et al*., Civil Action No. 4:09-cv-00565, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore);

DECLARATION OF RHONDA H. WILLS ISO PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 2:18-CV-00158-DMG-GJS

- *Alvarado, et al., v. Shipley Donut Flour & Supply Co., Inc*., Civil Action No. 4:08-cv-02111, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (J. Atlas)

- *Ramirez, et al., v. Gigi Huang Restaurant, Ltd, et al*., Civil Action No. 4:09-cv-02649, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement);

- *Switzer, et al., v. Wachovia Corporation, et al*., Civil Action no. 4:11-cv-01604, In the United States District Court for the Southern District of Texas, Houston Division (FLSA off-the-clock violations re Wachovia financial specialists) (J. Atlas);

- *Blake v. Hewlett-Packard Company*, Civil Action No. 4:11-cv-00592, In the United States District Court for the Southern District of Texas, Houston Division (J. Harmon);

- *Parker, et al., v. Silverleaf Resorts, Inc., et al*., Civil Action No. 3:14-cv-02075, In the United States District Court for the Northern District of Texas, Dallas Division (FLSA collective action and Rule 23 class action settlement) (J. Boyle);

- *Dix, et al., v. Silverleaf Resorts, Inc., et al*., Civil Action No. 3:17-cv-03249, In the United States District Court for the Northern District of Texas, Dallas Division (Rule 23 class action settlement) (J. Boyle);

- *Francis, et al., v. Berkshire Communities, LLC, et al*., Civil Action No. 3:18-cv-02123, In the United States District Court for the Northern District of Texas, Dallas Division (FLSA collective action) (J. Boyle);

- *Freeman, et al. v. Progress Residential Property Manager, LLC*, Civil Action No. 3:16-cv-00356, In the United States District Court for the

Southern District of Texas, Galveston Division (FLSA collective action settlement) (J. Hanks);

- *Strickland, et al., v. Aramark Uniform & Career Apparel, LLC*, Civil Action No. 15-cv-7823-DCC-GEB, In the United States District Court for the District of Kansas (FLSA collective action settlement) (J. Crabtree);

- *Henry v. JPMorgan Chase & Co., et al*., Civil Action No. 2:15-cv-03895-PSG-PLA, In the United States District Court for the Central District of California (FLSA collective action) (J. Gutierrez); and

- *Gutierrez, et al., v. I. Kunik Co.*, Civil Action No. 7:15-cv-00225, In the United States District Court for the Southern District of Texas, McAllen Division, (FLSA collective action settlement) (J. Crane).

9.    On November 17, 2017, Plaintiffs filed a class action complaint styled as *Louis Geiger, et al., Individually and on Behalf of all Others Similarly Situated v. Charter Communications, Inc., Charter Communications, LLC, Spectrum Management Holding Company , LLC , and TWC Administration LLC* (Case No. BC683546) in the Superior Court of the State of California, County of Los Angeles (the "Action").  Defendants removed the Action to the United States District Court for the Central District of California, where it is pending before this Honorable Court.

10.   Other than trial, nearly every aspect of complex litigation has been conducted in this action: motion to amend pleadings, depositions (named plaintiffs, fact witnesses, and corporate representative), numerous sets of written discovery, motions for Rule 23 class certification and FLSA conditional certification, motion for approval of notice forms, motion to dismiss Rule 23 class members and preclude notice to FLSA collective action members, *ex parte* application for an order to stay enforcement of order denying motion to dismiss, motion for reconsideration of order

1  denying motion to dismiss and preclude notice, summary adjudication motion, and

2  decertification motions.

3       11.    After nearly three years of contentious litigation, the parties have entered

4  into a class-wide settlement in which Defendants have agreed to pay a common fund,

5  nonreversionary amount of $499,000.00 that encompasses the wage and hour claims

6  of: (a) 50 Class Members, including Class Representatives Louis Geiger, Christina

7  Gomez, Amanda Haynes, and Gara Booten; and (b) 202 PAGA Aggrieved

8  Employees.

9       12.    Over a period of nearly three years, this Action has been actively and

10 heavily litigated. Class Counsel has conducted extensive investigation in this case,

11 including interviewing witnesses, propounding extensive written discovery including

12 interrogatories and multiple sets of requests for production of documents, reviewing

13 extensive thousands of pages of documents and records produced by Defendants, and

14 taking numerous depositions of employees of Defendants. Defendants also

15 propounded multiple interrogatories and sets of requests for production of documents

16 and took depositions of Plaintiffs.

17      13.    In November 2019, the Parties participated in mediation before mediator

18 Lisa Klerman, a highly-respected neutral with extensive experience in mediating

19 wage and hour class actions.   Comprehensive briefs containing numerous exhibits

20 and detailed damages calculations were also submitted to the mediator in advance of

21 mediation. Although the case did not settle at mediation, counsel for Defendants and

22 Class Counsel renewed settlement discussions after full briefing of Defendants'

23 motions for decertification and summary judgment.   As a result of these subsequent

24 efforts, the Parties reached a class-wide settlement that is the basis for this Stipulation

25 of Settlement, and is hereby submitted to the Court for approval. Counsel have

26 therefore fully investigated the law as applied to the facts discovered regarding

27 Plaintiffs' claims, and potential defenses thereto, and the damages claimed by

28 Plaintiffs.

PAGE 10

DECLARATION OF RHONDA H. WILLS ISO PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 2:18-CV-00158-DMG-GJS

14.    The Settlement proposed here will provide the 50 Class Members with direct payments averaging more than $3,000 each, not including the Class Representative Payments.

15.    Plaintiffs' counsel estimate that the maximum amount of damages recoverable based on Plaintiffs' off-the-clock overtime theory, which is based on the unpaid time Class Members spent waiting to boot up and shut down their computers before and after clocking in and out, is approximately $95,556.25. This amount was determined by analyzing the time and pay records for all 50 Class Members who worked as dispatchers at Defendants' El Segundo, California dispatch facility between November 17, 2013 and August 22, 2019, when Defendants closed the El Segundo dispatch facility.  Each of the 50 Class Members' overtime rates were calculated at time-and-one-half his or her regular rate of pay, and each Class Member was allocated unpaid overtime wages based on the alleged off-the-clock boot up and shut down time for each day in which each Class Member worked at least 8 hours per day or at least 40 hours per week.

16.    Counsel estimate that the Settlement's monetary relief for the Class Members' overtime claim constitutes an approximate full recovery of each Class Members' alleged unpaid overtime based on Plaintiffs' boot up and shut down off-the-clock overtime theory.

17.    Plaintiffs' counsel estimate that the maximum amount of damages recoverable based on Plaintiffs' wage statement claim, which is derivative of Plaintiffs' unpaid overtime claim, is approximately $53,900.00.  This amount was determined by analyzing the time and pay records for all 18 Wage Statement Class Members who worked as dispatchers at Defendants' El Segundo, California dispatch facility between November 17, 2016 and August 22, 2019, when Defendants closed the El Segundo dispatch facility.  Each of the 18 Wage Statement Class Members' itemized wage statement penalties were calculated at $50 for the initial pay period in which he/she allegedly suffered an itemized wage statement violation and $100 per

pay period for each subsequent pay period in which Plaintiffs allegedly suffered an itemized wage statement violation, not to exceed an aggregate penalty of $4,000 per employee.

18.     Counsel estimate that the Settlement's monetary relief for the Wage Statement Class Members' wage statement claim constitutes an approximate full recovery of each Wage Statement Class Members' unpaid itemized wage statement penalties.

19.     Plaintiffs estimate that the total exposure on their representative PAGA claims could be substantial depending on the number of Labor Code violations they succeeded in proving at trial. However, the award of such penalties is a matter of discretion for the Court, and a full award of such penalties could be denied. Given these risks, which must be added to the risk that Plaintiffs will lose on some or all of the underlying claims giving rise to PAGA penalties, Plaintiffs view the allocation of $88,943.75 of the Settlement to PAGA penalties to be reasonable.

20.     Absent settlement, Plaintiffs would face real risks on the merits. In addition, they would face a lengthy delay before receiving any potential recovery. If Plaintiffs prevailed on some or all of their claims at trial, they would almost certainly face an appeal by Defendants.  Class Counsel therefore estimates that even if this Action was 100% successful at every stage of future litigation, the class members would not receive any relief for years.

21.     My experience in wage and hour class and collective actions was integral in evaluating the strengths and weaknesses of the case and the reasonableness of the settlement.

22.     I believe this settlement is fair, reasonable and adequate, and is in the best interest of the class in light of all known facts and circumstances, including the risk of loss on the merits, and the significant costs and delay and numerous potential appellate issues. I believe that under the proposed Settlement, the class members will receive substantial benefits and will achieve the desired relief sought by the claims

PAGE 12

DECLARATION OF RHONDA H. WILLS ISO PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 2:18-CV-00158-DMG-GJS

brought in the present Action, in the most expeditious and efficient manner practicable.

23.    Class Representatives Louis Geiger, Christina Gomez, Amanda Haynes, and Gara Booten performed their duties admirably by working with their counsel, submitting to full-day depositions, responding to discovery requests, attending mediation, and participating in the settlement of this matter.

24.    This case has been actively and heavily litigated for nearly three years, and Class Counsel's aggregate lodestar is nearly $1 million, well above the requested attorneys' fee award.

25.    To ensure that this case was properly prosecuted, Class Counsel was also precluded from taking on other cases, and in fact had to turn away other meritorious fee generating cases.  This case was accepted on a contingency basis, with Class Counsel advancing significant funding for litigation expenses over nearly three years, including substantial deposition costs, mediator fees, legal research fees, and significant printing, copying and scanning costs with respect to the thousands of records produced by Defendants.

26.    The proposed payments for attorneys' fees and litigation expenses in this Action are very reasonable, especially in light of the fact that the Settlement's monetary relief for the Class Members' overtime and wage statement claims constitutes an approximate full recovery of each Class Members' unpaid overtime and wage statement penalties.

27.    Class Counsel conducted intensive factual and legal research to substantiate Plaintiffs' claims in this action, drawing from Class Counsel's experience in wage and hour class actions, and Class Counsel was involved in active litigation of this case for nearly three years.

28.    This case presented unique challenges for Plaintiffs that made the outcome uncertain and risky, such as, the complexity and likely duration of further

1    litigation, the risk of maintaining class action status through trial, and the affirmative
2    defenses raised by Defendants which required substantial factual and legal analysis.

3    29.    Class Counsel's experience allowed Class Counsel to focus on the
4    appropriate factual and legal issues, analyze discovery produced by Defendants,
5    interview and depose current and former employees, and effectively participate in the
6    mediation and other post-mediation settlement negotiations that led to this
7    Settlement.

8    30.    Liability was highly contested in this action with respect to all claims,
9    and Defendants vigorously presented their defenses towards the certifiability of the
10   Class and on the merits of Plaintiffs' claims.

11   31.    Class Counsel regularly litigates wage-and-hour claims and has done so
12   under circumstances justifying considerable fee awards.

13   32.    Thus far, I have not been made aware of any objections to Class
14   Counsel's requested fee award, and I have not been informed that any Class Members
15   have opted out of the Settlement.

16   33.    As the lead attorney in this case, I have been assisted by others from my
17   law firm in the prosecution of this case, including associates Patrick Raspino and
18   Michelle Liverman, as well as law clerks and paralegals.

19   34.    Patrick J. Raspino is an associate attorney at WILLS LAW FIRM, PLLC.
20   Mr. Raspino is a 2015 graduate of South Texas College of Law Houston. Prior to law
21   school, Mr. Raspino obtained a Bachelor of Arts from the University of Texas at
22   Austin. He has experience in assisting with the representation of clients in wage and
23   hour litigation.

24   35.    Michelle N. Liverman has experience in assisting with the representation
25   of clients in wage and hour litigation. Ms. Liverman is a 2019 graduate of South Texas
26   College of Law Houston. Prior to law school, Ms. Liverman obtained a Bachelor of
27   Science from the University of Houston.

28

36.    Based on my professional experience, the WILLS LAW FIRM's billing rates are fair and reasonable and are commensurate with hourly rates of lawyers and support staff with similar experience handling complex wage and hour litigation matters.

37.    Based on my professional experience, a reasonable rate for my work in this case, for an attorney of similar skill and experience performing similar work in this community is at least $700 per hour. In my experience, equity partners at large firms, including individuals with as little as 8 to 10 years of experience earn comparable rates as compared to my nearly 25 years of experience. Moreover, though I am with a small firm, I started my career by spending several years with a large firm (VINSON & ELKINS, LLP). In addition, I have extensive experience and expertise as a lawyer in wage and hour matters. The skill required to perform the legal services provided by me is that of a trial attorney employed as a senior equity partner experienced in the development and presentation of a case similar to this matter. The time I spent working on this case was time that I otherwise could have spent earning hourly fees or contingent fees in other matters, or developing additional business. In performing contingent fee work in the past, my firm has earned in certain complex cases, several thousand dollars per hour.

38.    Likewise, based on my professional experience, a reasonable hourly rate for my associates is $300 per hour. Similarly, based on my professional experience, a reasonable rate for law clerk time is $150 per hour and paralegal time is $125 per hour. According to a 2013 Utilization and Compensation Survey Report by the Association of Legal Assistants and Paralegals, even at small firms, average billing rates exceeded $100 per hour.

39.    The 2013 National Law Journal survey of U.S. law firm billing rates also confirms that WILLS LAW FIRM's rates are reasonable. According to that survey, firms in Texas charge rates comparable to WILLS LAW FIRM's rates being used in this matter, averaging from $655 for partners and $417 for associates.

40.    After the exercise of considerable billing judgment, WILLS LAW FIRM has devoted 2,256.9 hours of professional time to the prosecution of this matter through October 16, 2020, with work still continuing. The firm's total lodestar for these hours amounts to $939,210. *See* Exhibit A. Class Counsel's requested award of $199,600 for fees therefore is extremely reasonable as it represents a discount of 78.75% from Class Counsel's lodestar. Stated differently, Class Counsel are only requesting 21.25% of their adjusted lodestar of $939,210.

41.    WILLS LAW FIRM's lodestar is calculated by multiplying its hours worked on this case by the attendant hourly rates. The hours, attendant rates and lodestar for WILLS LAW FIRM are as follows:

| NAME | RATE | HOURS | LODESTAR |
|------|------|-------|----------|
| RHONDA H. WILLS (LEAD COUNSEL) | $700 | 715.3 | $500,710.00 |
| PATRICK J. RASPINO (ASSOCIATE) | $375 | 681.7 | $255,637.50 |
| MICHELLE N. LIVERMAN (ASSOCIATE) | $275 | 323.8 | $89,045.00 |
| LAW CLERKS | $175 | 536.1 | $93,817.50 |
| TOTAL | | 2,256.9 | $939,210.00 |

42.    The lodestar calculations were compiled from time records regularly prepared and maintained by WILLS LAW FIRM in the ordinary course of business. My firm, including myself and my associates along with our law clerks, have performed substantial work in this case. Time spent by my firm in this matter was reasonably necessary and appropriate to the advancement of the claims in this matter. Assignment of work within my firm was performed under my supervision and appropriate based on experience level appropriate to the task, taking into account the various billing rates. Further, billing judgment was used so as to avoid billing for any potentially unnecessary duplicative work.

PAGE 16
DECLARATION OF RHONDA H. WILLS ISO PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 2:18-CV-00158-DMG-GJS

43.    The adjusted lodestar for WILLS LAW FIRM does not include time spent preparing Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs, including this Declaration summarizing the fees and costs and reviewing the billing statement and exercising billing judgment, time anticipated to be spent preparing Plaintiffs' motion for final approval of settlement, and time anticipated to be spent preparing for and attending the final approval hearing or additional time which will be necessary to aid in the administration of the claims.

44.    As explained above, my firm has expended many hours on the above-referenced matter, with work still continuing.  In connection with this work, my firm has incurred certain litigation costs.

45.    My firm maintains all records regarding case development expenses spent on each case.  I have reviewed the records of my firm's case development expenses in this matter.  According to our records, the case development expenses in this matter, including filing fees, service of process fees, deposition related expenses, including transcripts and recorded video, mediation fees, travel expenses, legal research expenses, courier fees, postage and mailing fees, and printing, copying and scanning costs incurred by my firm total $29,074.92.  The schedule attached hereto as Exhibit B is an accurate summary of the taxable costs and litigation expenses incurred by Wills Law Firm, PLLC in this matter. My firm has not received any reimbursement for any of the monies expended to cover expenses incurred.  Expenses incurred by my firm in this matter were also reasonable and appropriate to the advancement of the claims in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  December 7, 2020

                    */s/ Rhonda H. Wills*
                    Rhonda H. Wills