**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GEIGER, CHRISTINA GOMEZ, AMANDA HAYNES, PRISCILLA ESCARCEGA, and GARA BOOTEN, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, and TWC ADMINISTRATION LLC,<br><br>Defendants. | Case No.: CV 18-158-DMG (GJSx)<br><br>**JUDGMENT AND ORDER OF FINAL APPROVAL OF SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [157, 159]** |

On January 29, 2021, at 10:00 a.m., a hearing was held on Plaintiffs' Unopposed Motion for Final Approval of Settlement [Doc. # 159] and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs [Doc. # 157]. The Court, having carefully considered all papers and pleadings filed and proceedings conducted herein, including the proposed Joint Stipulation of Class and PAGA Settlement and Release [Doc. # 147-3, *as amended by* Doc. # 156], which this Court preliminarily approved in its October 16, 2020 Order, and having found the settlement of this litigation to be fair, reasonable, and adequate, and GOOD CAUSE appearing, HEREBY ORDERS THE FOLLOWING:

This Order incorporates by reference the definitions in the Joint Stipulation of Class and PAGA Settlement and Release, and all terms defined therein shall have the same meaning in this Order.

1.  This Court has jurisdiction over the claims of the Class Members and Aggrieved Employees asserted in this proceeding and personal jurisdiction over the Plaintiffs and Defendants and the Class Members and Aggrieved Employees, as defined in the Settlement Agreement.

2.  Notice given to the Class Members fully and accurately informed them of all material elements of the proposed settlement and of their opportunity to exclude themselves from, object to, or comment on the settlement, and to appear at the Final Approval Hearing. The notice was reasonable and the best notice practicable under the circumstances. Accordingly, this Court finds that the notice program described in the Joint Stipulation of Class and PAGA Settlement and Release and completed by the Settlement Administrator complied fully with the requirements of due process and all applicable laws.

3.  All Class Members who did not submit timely Requests for Exclusion are bound by this Judgment and Order of Final Approval of Settlement and by the terms of the Parties' Joint Stipulation of Class and PAGA Settlement and Release.

4. Class Members were given a full opportunity to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Judgment and Order of Final Approval of Settlement.

5. As of the date of this Judgment and Order of Final Approval of Settlement, no Class Member has objected to the terms of the settlement or requested exclusions from the settlement.

6. The Court finds that the Joint Stipulation of Class and PAGA Settlement and Release is rationally related to the strengths of Plaintiffs' claims given the risk, expense, complexity, uncertainty and duration of further litigation. The Court also finds that the Joint Stipulation of Class and PAGA Settlement and Release is the result of arm's length negotiations between experienced counsel representing the interests of the Class Members and Aggrieved Employees and Defendants, after thorough factual and legal investigation. The Court further finds that the Joint Stipulation of Class and PAGA Settlement and Release is not the product of fraud or overreaching by, or collusion between, the negotiating parties. The Court also finds that the response of the Class to the settlement supports final approval. Accordingly, pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the terms of the Joint Stipulation of Class and PAGA Settlement and Release are fair, reasonable, and adequate to the Class Members and Aggrieved Employees.

7. The Court grants final approval to the Joint Stipulation of Class and PAGA Settlement and Release and orders the parties to implement and comply with its terms. Upon entry of this Order, compensation to Class Members and Aggrieved Employees shall be paid pursuant to the terms of the Joint Stipulation of Class and PAGA Settlement and Release.

8. Nothing in this Judgment and Order of Final Approval of Settlement will preclude any action to enforce the parties' obligations under the Joint Stipulation of Class and PAGA Settlement and Release or under this Order.

9. By operation of entry of this Judgment and Order of Final Approval of Settlement and pursuant to the Joint Stipulation of Class and PAGA Settlement and Release, all Class Members shall have waived and released any released claims as set forth in the Joint Stipulation of Class and PAGA Settlement and Release.

10. The Court further finds that the amount of attorneys' fees requested is fair and reasonable and finds that a fee award of $199,600.00 is warranted by the facts and circumstances of this case. Therefore, the Court hereby awards Class Counsel the amount of $199,600.00 in attorneys' fees, to be paid pursuant to the terms of the Joint Stipulation of Class and PAGA Settlement and Release.

11. The Court also finds that reimbursement of the costs and expenses requested by Class Counsel is appropriate in these circumstances, and hereby awards Class Counsel costs and expenses in the total amount of $29,074.92, to be paid pursuant to the terms of the Joint Stipulation of Class and PAGA Settlement and Release.

12. The Court approves payment of $10,000 to the Settlement Administrator, CPT Group, Inc., to be paid pursuant to the terms of the Joint Stipulation of Class and PAGA Settlement and Release.

13. The Court approves payment of $88,943.75 as penalties authorized by the Private Attorneys General Act, of which 75% ($66,707.81) will be paid to the Labor and Workforce Development Agency and 25% ($22,235.94) will be paid to the Aggrieved Employees, pursuant to the terms of the Joint Stipulation of Class and PAGA Settlement and Release.

14. The Court also finds that the requested Class Representative Payments are reasonable and appropriate and hereby awards Class Representative Payments to Plaintiffs Louis Geiger, Christina Gomez, Amanda Haynes, and Gara Booten in the

1 amount of $5,000 each, to be paid pursuant to the terms of the Joint Stipulation of Class and PAGA Settlement and Release.

15. In accordance with the timeline set forth in the Joint Stipulation of Class and PAGA Settlement and Release, Defendants shall pay the Settlement Amount to the Settlement Administrator by March 22, 2021. The Claims Administrator will pay Class Counsel, the Class Representatives, Class Members, and Aggrieved Employees the amounts due by April 12, 2021.

16. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for the resolution of issues relating to the implementation and enforcement of the Joint Stipulation of Class and PAGA Settlement and Release.

17. By means of this Judgment and Order Granting Final Approval of Settlement, the Court hereby enters final judgment in this action, and the matter shall be dismissed in its entirety, with prejudice. Each side shall bear its own costs and attorneys' fees, except as otherwise provided in the Joint Stipulation of Class and PAGA Settlement and Release and the Court's orders.

18. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: January 29, 2021

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE